In re PG & E REATA ENERGY, L.P., et al., Relators (Two Cases).

**In re Rio Grande Valley Gas Co. and Southern Union Gas Co., Relators.**

Nos. 13–98–547–CV, 13–99–294–CV, 13–99–304–CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 21, 1999.

Adam Poncio, Law Offices of Cerda & Poncio, Attorneys at Law, Ramon Garcia, Attorney at Law, Edinburg, J.A. Magallanes, Gilberto Hinojosa, Magallanes, Sokat & Hinojosa, Brownsville, Luther H. Soules, III, Paul D. Andrews, Sara Murray, Attorneys at Law, San Antonio, B. Mills Latham, Law Offices of B. Mills Latham, Attorney at Law, San Antonio, Eduardo R. Rodriguez, Rodriguez, Colvin & Chaney, Brownsville, for Realtors in case no. 13-98-00547-CV.

Benjamin L. Hall, III, Elizabeth B. Hawkins, Sherry A. Scott Chandler, O'Quinn & Laminack, Houston, Daniel Bishop, Watson, Bishop, London & Galow, Attorneys at Law, Austin, Juan R. Molina, Attorney at Law, Weslaco, for Real Parties in Interest in Case no. 13-98-00547-CV.

Luther H. Soules, III, Paul D. Andrews, Sara Murray, Soules & Wallace, Attorneys at Law, San Antonio, B. Mills Latham, Law Offices of B. Mills Latham, Attorneys at Law, San Antonio, Eduardo R. Rodriguez, Rodriguez, Colvin & Chaney, J.A. Magallanes, Magallanes, Sokat & Hinojosa, Brownsville, for Relators in Case No. 13-99-00294-CV.

Noe Gonzalez, Edinburg, for Respondent in Case no. 13-99-00294-CV.

Benjamin L. Hall, III, Elizabeth B. Hawkins, Sherry A. Scott Chandler, O'Quinn & Laminack, Houston, Juan R. Molina, Attorney at Law, Weslaco, Ramon Garcia, Attorney at Law, Adam Poncio, Cerda, Garriga & Poncio, Attorneys at Law, Edinburg, Daniel Bishop, Watson, Bishop, London & Galow, Attorneys at Law, Christina Carlson Dodds, Attorney at Law, E. Lee Parsley, Locke Liddell & Sapp, Austin, Darrell B. Hester, Brownsville, for Real Parties in Interest in Case no. 13-99-00294-CV.

Jerry K. Clements, Locke, Purnell, Rain & Harrell, Attorneys at Law, Cynthia Keely Timms, Attorney at Law, Dallas, E. Lee Parsley, Locke Liddell & Sapp, Daniel Bishop, Watson, Bishop, London & Galow, Attorneys at Law, Austin, Christna Carlson Dodds, Attorney at Law, Austin, David C. Garza Garza & Garza, Brownsville, J.A. "Tony" Canales & Simonson, P.C., for Relators in Case No. 13-99-00304-CV.

Jennifer Bruch Hogan, Hogan, Hogan Dubose & Townsend, Houston, Benjamin L. Hall, Elizabeth B. Hawkins, O'Quinn & Laminac, Houston, Juan R, Molina, Attorney at Law, Weslaco, Ramon Garcia, Attorney at Law, Edinburg, Eduardo R. Rodriguez, Rodriguez, Colvin & Chaney, Brownsville, Gilberto Hinojosa, Magallanes & Hinojosa, Brownsville, Luther H. Soules, III, Paul D. Andrews, Sara Murray, Soules & Wallace, Attorneys at Law, B. Mills Latham, Law Offices of B. Mills Latham, Attorneys at Law San Antonio, for Peal Parties In case no. 13-99-003044-CV.

Before Chief Justice SEERDEN and Justices YAÑEZ and RODRIGUEZ.

## OPINION

SEERDEN, Chief Justice.

By the present consolidated petitions for writs of mandamus and prohibition,[1] relators complain that Judge Noe Gonzalez of the 370th District Court, who is the local Administrative Judge for Hidalgo County, Texas, had no authority to transfer several related cases from other Hidalgo County district courts into his court after recusal motions had been filed and were still pending in some of the cases (the Recusal Cases), and, in other cases, after the sitting judge had been recused and a new

---

1. For convenience, we have consolidated our Cause Nos. 13–99–304–CV, styled *In re Rio Grande Valley Gas Company and Southern Un-* *ion Gas Company* and 13–99–294–CV, styled *In re PG & E Reata Energy, L.P., et al.*

judge had been appointed by the Presiding Judge of the administrative judicial region (the Transfer Cases). We conclude that Judge Gonzalez was acting within his authority and we deny the petitions.

## Background

Relators and real parties-in-interest[2] in the present actions were recently before this Court regarding an October 8, 1998, order by Judge Gonzalez transferring these same cases. *See In re Rio Grande Valley Gas Company, In re PG & E Reata Energy, L.P., et al.,* 987 S.W.2d 167 (Tex. App.—Corpus Christi 1999, orig. proceeding).

On February 18, 1999, in *In re Rio Grande Valley Gas,* we conditionally granted writs of mandamus ordering Judge Gonzalez to vacate that transfer order. *See In re Rio Grande Valley Gas,* 987 S.W.2d at 180. Judge Gonzalez complied with our instructions. Until the transfers orders which are the subject of these proceedings were signed by Judge Gonzalez, the Transfer Cases were pending in the 92nd District Court of Hidalgo County where Judge Darrell Hester, Presiding Judge of the Fifth Administrative Judicial Region, had appointed Judge Mike Westergren of the 214th District Court of Nueces County, to preside, following recusal of the presiding judge of the 92nd District Court.

In each of the Recusal Cases, Rule 18a motions to recuse[3] Judge Edward Aparicio of the 92nd District Court of Hidalgo County had been filed and were still pending.

After our first opinion granting mandamus relief, Hidalgo County's district judges adopted, and the Texas Supreme Court approved, revised local rules that became effective on May 1, 1998. The revised local rules include Rule 1.2.1, which authorizes the unilateral transfer of cases by written order of the local Administrative Judge.[4] On May 12, 1999, Judge Gonzalez again transferred the seven cases into his court.

By the present original proceedings, relators request mandamus relief to set aside Judge Gonzalez's May 12, 1999, orders transferring the Recusal Cases and the Transfer Cases into his court again, and they also request a writ of prohibition to prohibit Judge Gonzalez from exercising jurisdiction over the cases.

■ Generally, mandamus will issue only to correct a clear abuse of discretion or violation of a duty imposed by law when that abuse cannot be remedied by appeal. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992) (orig.proceeding); *In re Johnson,* 961 S.W.2d 478, 481 (Tex.App.—Corpus Christi 1997, orig. proceeding).

■ A writ of prohibition is used to protect the subject matter of an appeal or to prohibit an unlawful interference with the enforcement of a superior court's orders and judgments. *In re Johnson,* 961 S.W.2d at 481 (citing *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 683 (Tex.1989); *Chang v. Resolution Trust Corp.,* 814 S.W.2d 543, 545 (Tex.App.— Houston [1st Dist.] 1991, (orig.proceed-

---

**2.** We see no reason to provide an exhaustive list in our opinion of the names of the all the relators and real parties involved in the underlying cases. Their names may be obtained by inspection of the records maintained by the clerk of this Court.

**3.** Tex.R.Civ.P. 18a.

**4.** Local rule 1.2.1 provides:
    **Agreement.** Any case may be transferred from one court to another by written Order

of the Presiding Judge or by written Order of the judge of the court from which the case is transferred; provided in that latter instance the transfer must be with the written consent of the court to which the case is transferred.
Hidalgo County (Texas) Civ.Dist.Ct.Loc.R. 1.2.1 (1999).

ing)). One of the purposes for which a writ of prohibition may be used is to prevent a court from exercising jurisdiction which it has no lawful right to exercise. *Johnson,* 961 S.W.2d at 481.

To support the issuance of either writ, however, we must find that Judge Gonzalez lacks the authority to transfer the cases into his court even after the local rule change authorizing unilateral transfer. Because we find that he had the authority to order transfer, we deny the petitions for writs of mandamus and prohibition. We conclude that Judge Gonzalez, as the local Administrative Judge, had full authority under the Hidalgo County local rules to transfer the cases in question into his own court, notwithstanding either the pendency of a recusal motion, or the assignment of a new judge by the Presiding Judge of the administrative judicial region after recusal.

## Transfer Cases

■ The recusal process, as presided over by the Presiding Judge of the administrative judicial region, is wholly separate from the transfer of cases from court to court within a particular county.

Texas Rule of Civil Procedure 330(e) gives broad powers to judges in any county where there are two or more district courts having civil jurisdiction, providing that "the judges of such courts may, in their discretion, exchange benches or districts from time to time, and may transfer cases and other proceedings from one court to another." In addition, the Texas Government Code provides for the adoption of local rules of administration and the selection of a local Administrative Judge within the county to implement and execute "the local rules of administration, including the assignment, docketing, *transfer,* and hearing of cases," and to supervise the *"expeditious movement of court caseloads,* subject to local, regional, and state rules of administration." Tex. Gov't Code

Ann. § 74.092(1)(5) (Vernon 1998) (emphasis added); *see also* Tex. Gov't Code Ann. §§ 74.091, 74.093 (Vernon 1998).

The ability to transfer cases among the courts within the same county is a very necessary tool in the orderly administration of justice. *See Johnson v. Pettigrew,* 786 S.W.2d 45, 47–48 (Tex.App.—Dallas 1990, no writ). The expeditious movement of caseloads within the county is thus accomplished through transfer proceedings between the *courts* of that particular county, as provided by local rule and implemented by the local Administrative Judge.

In contrast, a recusal proceeding and resulting assignments are procedural devices permitting litigants to challenge the impartiality of a *judge* sitting in a case. *See McLeod v. Harris,* 582 S.W.2d 772 (Tex.1979). Recusal is governed by Texas Rule of Civil Procedure 18a, which requires the judge against whom a proper recusal motion is filed to either grant the motion or request the Presiding Judge to assign another judge to hear the motion. Tex.R.Civ.P. 18a(c); *see also* Tex. Gov't Code Ann. § 74.059(c)(3) (Vernon 1998) (providing for requested assignment by the presiding judge).

■ The purpose of a recusal motion under Texas Rule of Civil Procedure 18a is to insure that all litigants have the opportunity to have an impartial judge preside over their case. *Brosseau v. Ranzau,* 911 S.W.2d 890, 892 (Tex.App.—Beaumont 1995, no writ). If the recusal motion is granted, another judge is appointed to hear the case, and that judge sits in all other respects as the judge of the court in which the case was filed. *See* Tex. Gov't Code Ann . § 74.059 (Vernon 1998); *Alexander v. State,* 903 S.W.2d 881, 883 (Tex. App.—Fort Worth 1995, no pet.) (assigned judge possesses all the powers of the court to which he is assigned). The appointment of a new judge thus has nothing to do with the court in which the case is heard and is

merely incidental to the process of removing the complained-of judge.

There is nothing in the rule or statute to indicate that the appointment of a new judge by the Presiding Judge of the administrative judicial region following recusal is entitled to any higher dignity than the random assignment of a judge and court within the county where the lawsuit is filed. That random assignment effectively places a lawsuit within a particular court presided over by a particular judge. Absent transfer, the parties can expect that their case will stay in that court and be decided by that judge. However, pursuant to local rules, the local Administrative Judge may transfer the case to another court, and the parties do not have a protected proprietary interest in having their cases heard by a particular district judge or court within the county of filing. *See In re Rio Grande Valley Gas Co.*, 987 S.W.2d 167, 173 (Tex.App.—Corpus Christi 1999, orig. proceeding); *Republic Royalty Co. v. Evins*, 931 S.W.2d 338, 342 (Tex.App.—Corpus Christi 1996, orig. proceeding).

Likewise, the Presiding Judge's appointment of a new judge to hear the case following recusal does not in itself create a proprietary right to have that particular judge and court decide the case for its duration. We hold that, as with the initial assignment of the lawsuit to a judge and court, any subsequent appointment is subject to the lawful transfer orders of the local Administrative Judge.

### Recusal Cases

■ In addition, we do not believe that the cases presently subject to a recusal motion are any more shielded from transfer than are the cases where recusal and appointment have already taken place. Our prior opinion in *Rio Grande* did discuss the fact that a recusal motion prevents the trial judge subject to recusal from taking any further action in the case, including consent to a transfer, which was required under the prior Hidalgo County local rules. Because that judge could not consent to transfer, we held that any such transfer by the local Administrative Judge was invalid. *See Rio Grande*, 987 S.W.2d at 179–180. However, now that the local rules have been amended to allow the local Administrative Judge to transfer cases without the consent of the judge from whose court the case is being transferred, the rationale of *Rio Grande* no longer applies.

■ Moreover, if the transfer would be valid immediately before, or immediately after, the recusal process, there is no reason to shield the case from transfer during the pendency of that process. We again return to the point that the purpose of recusal is not to give the parties a proprietary right to have any particular appointed judge hear their case for its duration, but to remove the judge who is subject to recusal. If the judge subject to recusal is incidentally removed by the process of a local transfer either before, after, or during a concurrent recusal motion, the issue of recusal is then moot.

Relators have made no allegations nor offered any evidence that Judge Gonzalez's orders to transfer any or all of these cases was an abuse of his administrative authority. Their only contention is that the rules deny him that power. We hold that the local rules of court clearly give the local Administrative Judge this power; therefore, the transfer orders are valid. The petitions for mandamus are denied.

Dissenting Opinion by Justice YAÑEZ.

Dissenting Opinion by Justice YAÑEZ.

Because I would hold Judge Gonzalez abused his discretion in transferring both the Recusal and Transfer Cases into his court, I respectfully dissent.

I conclude Judge Gonzalez failed to properly enforce the requirements imposed by rule 18a and chapter 74. Because he has no "discretion" to interpret and apply the law in a manner that renders some statutes and rules meaningless, I find he abused his discretion. Although I agree that a writ of prohibition is inappropriate in these circumstances, I would hold Judge Gonzalez's May 12, 1999 orders transferring the seven related cases [1] are void and would conditionally grant the petitions for mandamus.

## Background

Relators and real parties-in-interest [2] in the present actions are the same as those recently before this Court regarding an October 8, 1998 transfer order by Judge Gonzalez transferring these cases. *See In re Rio Grande Valley Gas Company, In re PG & E Reata Energy, L.P., et al.,* 987

1. The majority fails to identify the cases at issue and also fails to note a discrepancy regarding Cause No. C–2262–97–A, one of the Transfer Cases. In the interest of clarity, I provide the following additional information:

   In Cause No. 13–99–304–CV, the following cases are at issue: Cause Nos. C–4558–95–A–2, styled *City of Pharr, et al. v. Rio Grande Valley Gas Co., et al.* ("*Pharr*"); C–4558–95–A(3), styled *City of Alton and City of Donna v. Rio Grande Valley Gas Co. et al.* ("*Alton*"); and C–4558–95–A–4, styled *Southern Union Co. v. Valero Energy Corp.* ("*Valero*").

   In Cause No. 13–99–294–CV, the following cases, in addition to those at issue in Cause No. 13–99–304–CV, are also at issue: Cause Nos. C–2276–97–A, styled *City of Weslaco v. Reata Industrial Gas, L.P.* ("*Weslaco*"); Cause No. C–427–98–G, styled *City of Pharr, et al. v. PG & E Gas Transmission, Texas Corp., et al.* (the "*Pharr Injunction*"); and C–786–98–B, styled *City of Mercedes, et al. v. PG & E NGL Marketing, L.P., et al.* (the "*Mercedes Injunction*").

   From the record before us, it is unclear whether Cause No. C–2262–97–A, styled *City of Mercedes v. Reata Industrial Gas, L.P.* ("*Mercedes*"), was transferred into the 370th by Judge Gonzalez on May 12, 1999. The record reflects a cover sheet from the 370th District Court referencing transfer of all seven cases, including the *Mercedes* case; we have not been provided, however, with an order transferring that case.

2. In Cause No. 13–99–294–CV, *In re PG & E Reata Energy, L.P., et al.* ("*In re PG & E*"), the relators are: (i) PG & E Reata Energy, L.P. f/k/a Reata Industrial Gas, L.P.; (ii) Valero Gas Marketing Company f/k/a Reata Industrial Gas Company; (iii) PG & E NGL Marketing, L.P. f/k/a Valero Marketing, L.P.; (iv) PG & E Texas LDC, L.P. f/k/a VLDC, L.P.; (v) PG & E Rivercity Energy, L.P. f/k/a Rivercity Gas, L.P.; (vi) Valero Gas Marketing, L.P.; (vii) PG & E Texas Industrial Energy, L.P.

f/k/a Valero Industrial Gas, L.P.; (viii) PG & E Gas Transmission, Texas Corporation f/k/a Valero Energy Corporation; (ix) PG & E Texas Natural Gas Company f/k/a Valero Natural Gas Company; (x) PG & E Texas Pipeline Company f/k/a Valero Transmission Company; (xi) PG & E Texas Pipeline, L.P. f/k/a Valero Transmission, L.P.; (xii) VT Company f/k/a Lo Vaca Gathering Company; (xiii) PG & E Texas Field Services Company f/k/a Valero Field Services Company; (xiv) PG & E Texas Gas Storage Company f/k/a Valero Gas Storage Company; (xv) PG & E Hydrocarbons Company f/k/a Valero Hydrocarbons Company; (xvi) PG & E Hydrocarbons, L.P. f/k/a Valero Hydrocarbons, L.P.; (xvii) PG & E Texas Hub Series Company f/k/a Valero Storage and Transfer Company; (xviii) PG & E Texas Management Company f/k/a Valero Management Company; (xix) PG & E Texas Gas Partners, L.P. f/k/a Valero Natural Gas Partners, L.P.; (xx) PG & E Texas Management Partnership, L.P. f/k/a Valero Management Partnership, L.P.; (xxi) PG & E–Tex, L.P. f/k/a Valerotex,, L.P.; (xxii) PG & E Energy Trading Corporation; (xxiii) Valero–Teco West Texas Pipeline Company; (xxiv) PG & E Gas Transmission Teco, Inc. f/k/a PG & E Gas Transmission, Texas Corporation and Teco Pipeline Company; (xxv) Teco Gas Gathering Company; (xxvi) Teco Industrial Gas Company; (xxvii) Teco Gas Marketing Company; (xxviii) Teco Gas Processing Company; and (xxix) Teco Gas Services Company.

   *In re PG & E* real parties-in-interest are the cities of Pharr, Weslaco, and Mercedes, as individual plaintiffs and class representatives. In Cause No. 13–99–304–CV, styled *In re Rio Grande Valley Gas Company and Southern Union Gas Company* ("*In re RGV Gas*"), the relators are Rio Grande Valley Gas Company ("RGV Gas") and Southern Union Gas Company ("Southern Union"), while the real parties-in-interest are the cities of Pharr, Weslaco, Mercedes, Donna, and Alton, as well as Valero Energy Corporation.

S.W.2d 167 (Tex.App.—Corpus Christi 1999, orig. proceeding). On February 18, 1999, we conditionally granted writs of mandamus ordering Judge Gonzalez to vacate his October 8, 1998 order transferring the seven related cases into his court. *See In re Rio Grande Valley Gas*, 987 S.W.2d at 180. In our opinion, we separately analyzed the issues presented by the "Recusal Cases" (the *Weslaco, Pharr Injunction, and Mercedes Injunction* cases) and the "Transfer Cases" (the *Pharr, Alton, Mercedes, and Valero* cases). We ordered each case remanded to the court having jurisdiction prior to Judge Gonzalez's transfer. *Id.*

As the majority notes, the Transfer Cases are pending in the 92nd District Court of Hidalgo County before Judge Mike Westergren of the 214th District Court of Nueces County, who was appointed by Judge Darrell Hester, presiding judge of the Fifth Administrative Judicial Region, following recusal proceedings in each of the cases. In each of the Recusal Cases, rule 18a motions to recuse Judge Edward Aparicio of the 92nd District Court of Hidalgo County have been filed and remain pending. As ordered by this Court, Judge Gonzalez vacated the earlier transfer orders on April 29, 1999, and returned the seven cases to the courts in which they were previously pending.

On May 1, 1998, Hidalgo County's recently adopted revised local rules became effective. The new rules include rule 1.2.1, which, among other provisions, authorizes the unilateral transfer of cases by written order of the local administrative judge. On May 12, 1999, less than two weeks after his order vacating the earlier transfer in accordance with this Court's judgment, Judge Gonzalez again transferred the seven cases into his court.[3]

### Mandamus

Generally, mandamus will issue only to correct a clear abuse of discretion or viola-

tion of a duty imposed by law when that abuse cannot be remedied by appeal. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) (orig.proceeding); *In re Johnson*, 961 S.W.2d 478, 481 (Tex.App.—Corpus Christi 1997, orig. proceeding).

We recently held that mandamus is appropriate upon finding an abuse of discretion in a trial court's decision to transfer a case. *In re Rio Grande Valley Gas*, 987 S.W.2d at 172. A trial court has no "discretion" in determining what the law is or applying the law to the facts. *Walker*, 827 S.W.2d at 840. Thus, a clear failure by a trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ. *Id.*

### Recusal Cases

We held in *In re Rio Grande Valley Gas* that Judge Gonzalez's transfer of the Recusal Cases was void because after a motion to recuse has been filed, a judge must either recuse himself or herself or request the presiding judge to assign a judge to hear the recusal motion *"prior to any further proceedings in the case." See* Tex. R.Civ.P. 18a(c); *In re Rio Grande Valley Gas*, 987 S.W.2d at 179 (emphasis in original). We further held that because motions to recuse were pending against Judge Aparicio in each of the Recusal Cases, he could take no action in those cases other than issue an order of recusal or referral. We also held that because under the local rules then in effect, a case pending in Judge Aparicio's court could only be transferred by an order from Judge Aparicio (which he could not grant) and because the local rules provided no authority to the local administrative judge to unilaterally transfer cases, Judge Gonzalez's transfer order was void.

Real parties now contend that "[t]he world has changed" because the new local

---

**3.** Judge Gonzalez's orders transferred each case into the 370th District Court "if it is not

already effectively in said court."

rules, specifically, rule 1.2.1, provides express authority to Judge Gonzalez, acting as the local administrative judge, to unilaterally transfer cases. Relators contend that once motions to recuse Judge Aparicio were pending, not only was further action *by Judge Aparicio* prohibited by rule 18a(c), but by implication, all other action, including transfer, by *any other judge* was also prohibited pending resolution of the recusal motions.

The majority contends rule 18a(c)'s requirement of recusal or referral "prior to any further proceeding in the case"[4] precludes only further action *by the challenged judge,* and thus does not preclude transfer during the pendency of a recusal motion. According to the majority, because transfer requires neither the consent nor the participation of the judge subject to recusal, the local administrative judge may transfer a case, even though a recusal motion is pending. I disagree with the majority's highly formalistic approach, which appears to view recusal proceedings as discrete and isolated occurrences, divorced from the interests they are designed to protect and other policy considerations.

The majority contends there is "no reason" to shield a case from transfer in such circumstances because transfer "moots" any pending recusal issue. The majority adopts the view, urged by real parties, that a transfer order is "collateral" only, and is not a prohibited "proceeding" within the meaning of rule 18a(c).

I would note, however, that rule 18a(d) provides that if a judge declines to recuse himself, "[t]he presiding judge of the administrative judicial district shall immediately set a hearing before himself or some other judge designated by him ..."

TEX .R.CIV.P. 18a(d). Thus, the rule ensures that the parties, the judge subject to the recusal motion, and the public are all provided a neutral forum within which the merits of the motion may be determined. If, however, a case is transferred prior to a hearing, the process is "short-circuited," and the rights of the parties to have the merits of the motion determined in a neutral forum are compromised. Moreover, parties dissatisfied with the court to which their case has been randomly assigned may be encouraged to view the filing of a meritless recusal motion as a "risk-free" strategy to obtain a more favorable forum through transfer. The goals of judicial economy and efficient administration of justice would not be well-served by a process which may encourage parties to burden the office of the local administrative judge with the need to transfer cases pursuant to meritless recusal motions.

I would hold that once a motion to recuse has been filed, no further proceedings, including transfer—either by the challenged judge or any other judge—can occur until the mandatory requirements of rule 18a have been met, either by order of recusal and/or referral to the presiding judge of the administrative judicial district.

Although this Court, sitting *en banc,* expressly noted in *In re Rio Grande Valley Gas,* that "[t]o allow transfer of a case in circumstances where a rule 18a motion is pending would nullify the mandatory provisions of the rule," *In re Rio Grande Valley Gas,* 987 S.W.2d at 178, the majority now adopts precisely this result. I am unpersuaded that this Court may properly exercise its authority to nullify rules promulgated by the supreme court of this state, and would again decline to embrace such a result.

Because Judge Aparicio has neither recused himself nor referred the motions to

---

4. Although not quoted by the majority, rule 18a(c) provides, in pertinent part:
   Prior to any further proceedings in the case, the judge shall either recuse himself or request the presiding judge of the administrative judicial district to assign a judge to hear such motion.
   TEX.R.CIV.P. 18a(c).

the presiding judge of the judicial administrative region, I would hold that Judge Gonzalez's May 12, 1999 orders transferring Cause Nos. C–2276–97–A, C–427–98–G, and C–786–98–B into the 370th District Court are void.

### Transfer Cases

The second issue before us is whether Judge Gonzalez was authorized to transfer the Transfer Cases into his court, when they were previously assigned to Judge Westergren by Judge Hester, following successful recusal proceedings under rule 18a, section 74.059(c)(3) of the Texas Government Code,[5] and the Rules of Judicial Administration.[6]   In *In re Rio Grande Valley Gas*, we held Judge Gonzalez's order transferring the Transfer Cases void because his authority to transfer cases is subject to the Hidalgo County Local Rules, which did not then provide for unilateral transfer of cases by the local administrative judge.   Because the local rules have since been revised to explicitly provide such authority, the issue now before us is whether a case which has been assigned by the presiding judge of a judicial administrative district, following recusal proceedings, may nonetheless be transferred, subject only to general transfer rules and applicable local rules.

The majority contends recusal is a process that is "wholly separate" from transfer and relies on the general transfer rules and statutes to hold that transfer is proper in such circumstances.   I disagree, and would hold Judge Gonzalez's orders transferring the Transfer Cases invalid.

The procedures governing recusal are designed to address concerns of judicial fairness and impartiality, goals which are undermined by any practice that short-circuits the mandatory procedures.   The process for selecting a regional presiding judge is governed by statute, which provides for appointment of the presiding judge by the governor with confirmation by the senate, a process which confers authority sanctioned by the executive and legislative branches of state government.[7]

Once rule 18a was properly invoked, only Judge Hester, the regional presiding judge (or in certain circumstances, the Chief Justice of the Texas Supreme Court), had authority to appoint a judge to hear the recusal motion and sit over the case when the motion was granted.   The Hidalgo County Local Rules must be harmonized with the mandatory procedures of rule 18a and § 74.059(c)(3).   Accordingly, the local rules do not and cannot empower Judge Gonzalez to overrule the regional presiding judge's order appointing Judge Westergren to hear the cases through trial.

---

**5.** Section 74.059(c)(3) provides, in pertinent part:
> (c) A district, statutory probate, or statutory county court judge *shall:*
> ....
> (3) request the presiding judge to assign another judge to hear a motion relating to the recusal of the judge from a case pending in his court[.] (emphasis added).

Tex. Gov't Code Ann. § 74.059(c)(3) (Vernon 1998).

**6.** Rule 7(a)(5) of the Rules of Judicial Administration provides:
> a. A district or statutory county court judge shall:
> ....
> (5) request the Presiding Judge to assign another judge of the administrative region to hear a motion relating to the recusal or disqualification of the judge from a case pending in his court;

Rule 8(a)(1) and (2) further provides:
> a. Judges may be assigned in the manner provided in Chapter 74 of the Texas Government Code to hold court when:
> (1) the regular judge of the court is absent or is disabled; *recuses himself, or is recused under the provisions of Rule 18a,* T.R.C.P, or is disqualified for any cause.

Tex.R.Jud.Admin. 7(a)(5); 8(a)(1)(2), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. F. app. (Vernon 1998).

**7.** *See* Tex. Gov't Code Ann. § 74.005 (Vernon 1998).

The majority correctly notes that the rules governing recusal proceedings and the rules governing the transfer of cases between courts reflect different policy concerns. Recusal proceedings are concerned primarily with ensuring litigants that a case will be heard by a fair and impartial *judge,* whereas the rules governing the transfer of cases between *courts* are concerned primarily with judicial efficiency and economy. Although I agree with the majority's characterization, insofar as it identifies the competing policy concerns raised by the issues before us, I cannot agree, as the majority suggests, that simply *describing* these concerns as "wholly separate" *resolves* the conflict before us in the instant case. Our task is to interpret and apply the law in a way that protects *all* policy concerns and gives voice and effect, if possible, to all applicable statutes and rules. *See Owens–Illinois, Inc. v. Chatham,* 899 S.W.2d 722, 732 (Tex.App.— Houston [14th Dist.] 1995, writ dism'd).

The majority contends that the broad powers given to trial courts to transfer cases by Texas Rule of Civil Procedure 330(e), which this Court has recognized,[8] in conjunction with the local rules, authorize Judge Gonzalez to transfer the Transfer Cases. In support, the majority focuses on the well-established (and undisputed) principle that parties do not have a protected proprietary interest in having their cases heard by a particular judge or in a particular court. *See In re Rio Grande Valley Gas,* 987 S.W.2d at 173.

According to the majority, an appointment by the regional presiding judge, pursuant to a recusal proceeding, is not entitled to any "higher dignity" than the judge and court randomly assigned to hear a case at the time of filing. Although I disagree, the majority's observation misstates the issue. The issue before us is *not* whether we should afford greater deference to assignments made by the presiding judge than assignments made on a random basis. Following a successful recusal proceeding, no "random" assignment of a case is implicated. The issue is, rather, since a new assignment must be made, *who should be charged with the task:* the regional presiding judge—as prescribed by rule 18a—or the local administrative judge, by exercise of his general transfer authority. The supreme court has prescribed procedures to govern such circumstances by promulgating rule 18a, and this Court is not at liberty to conclude, as the majority does, that assignments by the presiding judge are "merely incidental" to the recusal process.

The mandatory provisions of rule 18a are rendered meaningless if, following recusal and assignment by the regional presiding judge, a local administrative judge may simply override the presiding judge's orders by transferring the case to a court *(and judge)* of his own choosing. Under such circumstances, transfer effectively nullifies the mandatory recusal procedures in rule 18a.

The primary function of the judicial system is to provide a fair and efficient forum for the peaceful disposition of disputes between parties, and the procedural rules are designed to further this function. *Torres v. Rios,* 869 S.W.2d 555, 557 (Tex.App.— Corpus Christi 1993, no writ). It is well established that the Texas Rules of Civil Procedure have the dignity of statutory provisions and must be observed as such. *Centennnial Ins. Co. v. Commercial Union Ins. Cos.,* 803 S.W.2d 479, 482 (Tex. App.—Houston [14th Dist.] 1991, no writ) (citations omitted). The rules of procedure have the same force and effect, and should be construed in much the same manner, as statutes. *Burrhus v. M & S Supply, Inc.,* 933 S.W.2d 635, 640 (Tex. App.—San Antonio 1996, writ denied) (cit-

---

8.  *See In re Rio Grande Valley Gas,* 987 S.W.2d at 175 (noting that trial courts have broad discretion to exchange benches or transfer cases).

ing *Missouri Pacific R.R. v. Cross,* 501 S.W.2d 868, 872 (Tex.1973); *GTE Communications Systems Corp. v. Curry* 819 S.W.2d 652, 653 (Tex.App.—San Antonio 1991, orig. proceeding)). The rule-making authority for the Texas Rules of Civil Procedure is vested exclusively in the Supreme Court of Texas, and no other court in Texas is authorized or empowered to enact or amend rules of civil procedure that would be inconsistent with the rules promulgated by the supreme court. *See* Tex.R.Civ.P. 3a; *Centennial,* 803 S.W.2d at 482. The rules are designed to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law, Tex. R.Civ.P. 1, and neither trial courts nor appellate courts are at liberty to disregard the rules simply because they do not meet the approval of such courts. *Id.*

This Court has no authority, therefore, to enact or amend rules which would be inconsistent with the rules promulgated by the supreme court. *Centennial Ins. Co.,* 803 S.W.2d at 482. It further has no authority to make an independent determination that procedures at variance with those established by rule 18a adequately protect the rights of parties. Regardless of the existence of equities in a particular case, courts of appeal are not authorized or empowered to enact or amend the rules of procedure; such rule-making authority is invested solely in the supreme court. *See* Tex. Gov't Code Ann. § 22.004 (Vernon 1988); *Carrera v. Marsh,* 847 S.W.2d 337, 342 (Tex.App.—El Paso 1993, orig. proceeding).

In order to determine the propriety of Judge Gonzalez's orders transferring the Transfer Cases, it is appropriate to look to applicable provisions in chapter 74, the terms of Judge Hester's orders assigning Judge Westergren under authority from chapter 74, the text of rule 18a and § 74.059(c)(3), principles of statutory construction, and public policy concerns governing the recusal process.

The orders of assignment issued by Judge Hester assign Judge Westergren to hear the cases in the 92nd District Court of Hidalgo County. The orders thus assign the cases to a particular *judge* in a particular *court.* The majority contends Judge Gonzalez's transfer orders are proper because rule 18a is only concerned with *judges,* not *courts,* and the transfer orders at issue alter only the *court* in which the cases are assigned, not the *judge* to whom they were assigned. According to the majority, "[t]he appointment of a new judge thus has nothing to do with the court in which the case is heard and is merely incidental to the process of removing the complained-of judge." It is therefore unclear whether the majority envisions that Judge Westergren will continue to be assigned to hear the cases, but will do so sitting in the 370th rather than in the 92nd District Court. Real parties also argued that Judge Gonzalez's transfer orders do not "remove" Judge Westergren or preclude the possibility that he may preside over the cases in the 370th District Court, but conceded at oral argument that such a possibility was "not likely." Setting aside the possibility of such a scenario, however, Judge Hester's orders nonetheless specifically assign the cases to both a *judge* and a *court.*

Judge Hester's assignment orders each state that the assignment is to continue for as "long as may be necessary" through trial and beyond:

> This assignment is for a period beginning as determined by the assigned judge and continuing thereafter so long as may be necessary for the assigned judge to complete trial of any cause begun during such period and to pass on motions for new trial and all other matters growing out of any cause heard by the assigned judge during such period.

I find that the assignment orders specifically provide Judge Westergren's assign-

ment in the Transfer Cases shall continue through trial and/or until such time as he may otherwise determine.[9]

Moreover, section 74.058 of the government code, entitled "Duty to Serve When Assigned," provides that a judge assigned by the presiding judge "shall" serve unless otherwise excused from serving by the presiding judge. Section 74.058 provides, in pertinent part:

(a) Except as provided by this chapter, a judge assigned by the presiding judge to a court in the same administrative region, or to a court in another administrative region at the request of the presiding judge of the other administrative region, shall serve in the court or administrative region to which he is assigned.

(b) The presiding judge of a judge's administrative region may relieve the judge of an assignment on presentation of good cause in writing by the assigned judge to the presiding judge.

TEX. GOV'T CODE ANN. § 74.058(a), (b) (Vernon 1998).

The language of rule 18a regarding appointment by the presiding judge following recusal is also mandatory, not permissive. Rule 18a(f) specifically states that [i]f the motion [to recuse] is granted, the order shall not be reviewable, and the *presiding judge shall* assign another judge to sit in the case." TEX.R.CIV .P. 18a(f) (emphasis supplied). The majority fails to explain how its interpretation can be squared with

the mandatory language of the rule. If the drafters of rule 18a had intended the solution we are urged to adopt, they could have provided that if a motion to recuse is granted, the case shall be transferred to another court in accordance with applicable statutes and local rules. No such provision is found in rule 18a. I find that the terms of Judge Hester's orders, as well as the provisions of chapter 74 and rule 18a support the position that after Judge Hester appointed Judge Westergren to hear the Transfer Cases, Judge Gonzalez lacked any authority to override such orders by transferring the cases into his court.

I next address the public policy concerns raised by the mandatory recusal procedures found in rule 18a and § 74.059(c)(3). The procedures governing recusal address the public interest in ensuring a fair and impartial judicial system.[10] I share the views expressed by a former justice of the Texas Supreme Court:

Public policy demands that the judge who sits in a case act with absolute impartiality. Beyond the demand that a judge *be* impartial, however, is the requirement that a judge *appear to be* impartial so that no doubts or suspicions exist as to the fairness or integrity of the court. The judiciary must strive not only to give all parties a fair trial but also to maintain a high level of public trust and confidence. The legitimacy of the judicial process is based on the public's respect and on its confidence that

---

9. Section 74.059(a) provides:
   (a) A judge assigned under the provisions of this chapter has all the powers of the judge of the court to which he is assigned. TEX. GOV'T CODE ANN. § 74.059(a) (Vernon 1998).
   Judge Westergren may, therefore, exercise all powers which could have been exercised by Judge Aparicio. Real parties contend that "[t]aken to its logical conclusion, Relators' argument ... would prevent Judge Westergren from granting a motion to transfer venue ..." I would reject any such interpretation. Both section 74.059(a) and the assignment

orders themselves grant Judge Westergren authority to act on "all other matters growing out of any cause heard by the assigned judge," which clearly includes any motion to transfer venue.

10. For a discussion of the historical development of the procedures governing recusal, see *In re Rio Grande Valley Gas*, 987 S.W.2d at 176–77; also *see generally* William W. Kilgarlin & Jennifer Bruch, *Disqualification and Recusal of Judges*, 17 ST. MARY'S L.J. 599 (1986).

the system settles controversies impartially and fairly. Judicial decisions rendered under circumstances that suggest bias, prejudice, or favoritism undermine the integrity of the courts, breed skepticism and mistrust, and thwart the very principles on which the judicial system is based. The judiciary must be extremely diligent in avoiding any appearance of impropriety and must hold itself to exacting standards lest it lose its legitimacy and suffer a loss of public confidence.

*Sun Exploration and Production Co. v. Jackson,* 783 S.W.2d 202, 206 (Tex.1989) (Spears, J., concurring) (emphasis in original) (citations omitted). The recusal procedures in rule 18a and § 74.059(c)(3) are designed to foster public confidence in the judicial system, and any practice which undermines the integrity of the mandatory procedures (or which may be viewed as doing so)—such as transfer of cases assigned by the presiding judge—creates a risk that public confidence will be compromised.

A basic rule of the interpretation of rules and statutes is that they must be interpreted to harmonize and give effect, if possible, to all of their parts. *Owens–Illinois, Inc. v. Chatham,* 899 S.W.2d 722, 732 (Tex.App.—Houston [14th Dist.] 1995, writ dism'd); *Owens–Corning Fiberglas Corp. v. Wasiak,* 883 S.W.2d 402, 409 (Tex. App.—Austin 1994, no writ). In construing a rule or statute, a court must consider it in its entirety, its nature and object, and the consequences that would follow from each construction. TEX. GOV'T CODE ANN. § 311.023(1)(5) (Vernon 1998); *Sharp v.*

*House of Lloyd, Inc.,* 815 S.W.2d 245, 249 (Tex.1991). Interpretations which would produce absurd results are to be avoided. *Sharp,* 815 S.W.2d at 249.

Moreover, fundamental principles of efficient judicial administration require Judge Gonzalez to refrain from interfering with the orders of the presiding judge of the administrative judicial region in which he serves.[11] I decline to embrace any result that would render rule 18a meaningless.

Although not addressed by the majority, I note that the cases cited by real parties are inapplicable. Real parties contend that *In re Houston Lighting and Power Co.,* 976 S.W.2d 671 (Tex.1998) provides "ample authority" for Judge Gonzalez's transfer orders. Specifically, they claim that in *Houston,* under circumstances similar to those in the present case, the supreme court "held the transfer order valid" and "observed that a transfer order entered by a local administrative judge even after there had been a Rule 18a judge assignment by the presiding judge, was not prohibited." I have searched the case in vain for any such holding or "observation ." In *Houston,* the only issue before the supreme court—and the only issue discussed in the opinion—was whether a district judge abused his discretion by declining to disqualify himself pursuant to an objection under section 74.053 of the Texas Government Code,[12] in circumstances where a case had been transferred into a court where the challenged judge was the duly elected judge. In holding there was no abuse of discretion because no § 74.053 right to object was available

**11.** Rule 9a of the Rules of Judicial Administration provide, in pertinent part:

The local administrative judges shall be *responsible to the Presiding Judge* of the administrative region for the expeditious dispatch of business in the district and statutory county courts of the county.

TEX.R.JUD.ADMIN. 9(a), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. F. app. (Vernon 1998).

**12.** Section 74.053(b) provides:

(b) If a party to a civil case files a timely objection to the assignment, the judge shall not hear the case. Except as provided by Subsection (d), each party to the case is only entitled to one objection under this section for that case.

TEX. GOV'T CODE ANN. § 74.053(b) (Vernon 1998).

under such circumstances, the court focused on "[t]he policy concerns reflected in the Section 74.053 right to object to assigned visiting judges," concerns which were not present where the challenged judge was the duly elected judge.

*In re Houston* does not provide authority, "ample" or otherwise, for real parties' position in the present case. Although the circumstances in *Houston* were somewhat similar because the case was transferred by a local administrative judge following a judicial assignment by the regional presiding judge after a voluntary recusal,[13] *the propriety of the transfer was not at issue* and was not addressed by the court. After a judge voluntarily recused herself in *Houston*, the presiding judge assigned four different judges to hear the case. After each assignment, one or another of the parties objected on the basis of section 74.053. Then, the presiding judge assigned the case to Judge Davidson in the 127th District Court. Then, the case (still assigned to Judge Davidson) was transferred to the 11th District Court, where Judge Davidson was the duly elected judge. *After the transfer,* a motion to recuse Judge Davidson was filed. Thus, the only rule 18a recusal proceeding in *Houston* occurred *after,* not before, the transfer.

Significantly, in *Houston,* the transfer by the local administrative judge did not alter the assignment of *the judge* made by the regional presiding judge; rather, it "merely facilitated [the assignment] by enabling [Judge Davidson] to hear the case in his own court." *In re Houston Lighting & Power Co.,* 976 S.W.2d at 672 (quoting *In re City of Wharton,* 966 S.W.2d at 858).[14] *Houston* therefore provides no guidance concerning the issues before us.

Real parties also cite *In re Perritt,* 992 S.W.2d 444 (Tex.1999), in support of their position. In *Perritt,* the supreme court held a party is entitled to make a § 74.053 objection to a judge assigned by a regional presiding judge to hear a recusal motion. *Perritt* thus involved a § 74.053 objection and did not address the effect of transfer following a judicial assignment under rule 18a. *Perritt* does, however, provide us with guidance on the relationship between rule 18a and chapter 74. The court noted that the authority of a presiding judge to assign a judge to hear a recusal motion under rule 18a derives from chapter 74 of the government code. *Id.* at 447. Rule 18a provides no "independent basis apart from chapter 74" for judicial assignments made pursuant to it. *Id.* I would recognize *Perritt's* limited application to the present case, insofar as it supports the proposition that Judge Hester's power to appoint Judge Westergren derives from authority granted under chapter 74 rather than under rule 18a itself.

I would hold Judge Gonzalez lacked authority to modify or override orders issued by Judge Hester as presiding judge of the judicial administrative region, assigning the Transfer Cases to Judge Westergren following recusal proceedings in the cases. Accordingly, I would hold that Judge Gonzalez's May 12, 1999 orders transferring Cause Nos. C–4558–95–A–2, C–4558–95–A(3), C–2262–97–A, and C–4558–95–A–4 into the 370th District Court are void.

I would conditionally grant writs of mandamus ordering Judge Gonzalez to vacate his orders of May 12, 1999, purporting to transfer Cause Nos. C–2276–97–A, C–427–98–G, C–786–98–B, C–4558–95–A–2, C–4558–95–A(3), C–2262–97–A, and C–4558–95–A–4 into the 370th District Court, and

13. *See In re City of Wharton,* 966 S.W.2d 855, 856 (Tex.App.—Houston [14th Dist.] 1998), (orig.proceeding).

14. In *Wharton,* the court noted that "the most essential effect of the assignment was that *respondent would preside over the case." In re City of Wharton,* 966 S.W.2d at 858 (emphasis supplied).

would further order each case remanded to the court having jurisdiction prior to the purported transfer.