ACCEPTED
01-14-00795-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
2/9/2015 10:40:57 AM
CHRISTOPHER PRINE
CLERK

No. 01-14-00795-CV

IN THE COURT OF APPEALS
FOR THE FIRST JUDICIAL DISTRICT
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
2/9/2015 10:40:57 AM
CHRISTOPHER A. PRINE
Clerk

_____

*GERALD E. GILBERT, TDCJ No. 1236206*
Plaintiff-Appellant,
v.
*TEXAS DEPARTMENT OF CRIMINAL JUSTICE, et al.,*
Defendants-Appellees.

_____

On Appeal from the 412th Judicial District Court
Brazoria County, Texas

_____

**APPELLEES' JOINT BRIEF**

_____

**KEN PAXTON**
Attorney General of Texas

**CHARLES E. ROY**
First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for
Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense
Division

**\*BRIANA WEBB**
Assistant Attorney General
Texas Bar No. 24077883
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
briana.webb@texasattorneygeneral.gov

**\*KYLE SMITH**
Assistant Attorney General
Texas Bar No. 24086814
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
kyle.smith@texasattorneygeneral.gov

ATTORNEYS FOR APPELLEES

*Counsel of Record

## IDENTITY OF PARTIES AND COUNSEL

**<u>Appellant</u>**

Gerald E. Gilbert
TDCJ No. 1236206
Appellant *pro se*

**<u>Appellees</u>**

Bobby Purvis
Carla Joseph
James Massbarger
Justin Watterson

Represented by:

Briana Webb
Assistant Attorney General
State Bar No. 24077883
Office of the Texas Attorney General
P.O. Box 12548
Austin, Texas 78711-2548

**<u>Appellees</u>**

The University of Texas Medical Branch
Paul Strunk
Glenda Adams
Stephen Smock
Tawana Smith

Represented by:

Kyle Smith
Assistant Attorney General
State Bar No. 24086814
Office of the Texas Attorney General
P.O. Box 12548
Austin, Texas 78711-2548

# TABLE OF CONTENTS

**STATEMENT REGARDING ORAL ARGUMENT**............................................v

**STATEMENT OF THE CASE**..............................................................1

**ISSUES PRESENTED**........................................................................2

**STATEMENT OF FACTS**...................................................................2

**SUMMARY OF THE ARGUMENT** .................................................3

**ARGUMENT**......................................................................................4

    **A.**    **Gilbert did not have a proprietary interest to select which judge would preside over his case in the county of filing** ................4

    **B.**    **Gilbert did not have a right to attend a hearing on Appellees' Motion to Dismiss under Chapter 14** ..................................................5

    **C.**    **Chapter 14 may be constitutionally applied to federal claims filed in state court**...................................................................7

**CONCLUSION**...................................................................................9

# INDEX OF AUTHORITIES

*European CrossCRds' Shopping Ctr., Ltd. v. Criswell*,
 910 S.W.2d 45, 51 (Tex. App.—Dallas 1995) ................................................5

*Felder v. Casey*,
 487 U.S. 131 (1988).................................................................................7, 8

*Hamilton v. Pechacek*,
 319 S.W.3d 801, 808 (Tex. App.—Ft. Worth (2010) .....................................6

*Howlett By & Through Howlett v. Rose*,
 496 U.S. 356, 372 (1990) ...............................................................................7

*Hughes v. Massey*,
 65 S.W.3d 743, 745 (Tex. App.—Beaumont 2001)........................................8

*In re PG & E Reata Energy, L.P.*,
 4 S.W.3d 897, 901 (Tex. App.—Corpus Christi 1999).............................4, 5

*In re Rio Grande Valley Gas Co.*,
 8 S.W.3d 303, 309 (Tex. 1999) .................................................................4, 5

*Gerdes v. Kennamer*,
 155 S.W.3d 523, 529 (Tex. App.—Corpus Christi 2004)...............................5

*Polk v. Sw. Crossing Homeowners Ass'n*,
 165 S.W.3d 89, 93 (Tex. App.—Houston [14th Dist.] 2005) ........................4

*Richard v. Dretke*, No. 14-08-00714-CV, 2009 WL 909621,
 at *4 (Tex. App.—Houston [14th Dist.] Apr. 7, 2009) ..................................9

*Thomas v. Bush*, 23 S.W.3d 215, 218
 (Tex. App.—Beaumont 2000)......................................................................8, 9

*Thomas v. Wichita Gen. Hosp.*,
 952 S.W.2d 936, 938 (Tex. App.—Ft. Worth 1997)......................................7

*Williams v. Texas Dep't of Criminal Justice Inst. Div.*,
No. 14-01-00646-CV, 2002 WL 1822424, at *2
(Tex. App.—Houston [14th Dist.] Aug. 8, 2002) ...........................................9


**STATUES**

Tex. Civ. Prac. & Rem. Code 330(e).................................................................4
Tex. Civ. Prac. & Rem. Code §14.002(a)...........................................................8
Tex. Civ. Prac. & Rem. Code §14.003(c)...........................................................6
42 U.S.C. § 1983...............................................................................................2
42 U.S.C. § 1997e.............................................................................................8

## STATEMENT REGARDING ORAL ARGUMENT

Appellees contend that the arguments briefed are well-settled areas of the law, and the Court would not be significantly aided by oral argument on these issues. Appellees accordingly do not request oral argument in this matter.

IN THE COURT OF APPEALS
FOR THE FIRST JUDICIAL DISTRICT
HOUSTON, TEXAS

_____

*GERALD E. GILBERT, TDCJ No. 1236206*
Plaintiff-Appellant,
v.
*TEXAS DEPARTMENT OF CRIMINAL JUSTICE, et al.,*
Defendants-Appellees

_____

On Appeal from the 412th Judicial District Court
Brazoria County, Texas

_____

**APPELLEES' JOINT BRIEF**

_____

To the Honorable Justices of the First Court of Appeals:

Appellees, Carla Joseph, James Mossbarger, Bobby Purvis, Justin Watterson, the University of Texas Medical Branch, Glenda Adams, Tawana Smith, Paul Strunk, and Stephen Smock, through the Attorney General for the State of Texas, file their Joint Appellees' Brief and respectfully show the Court as follows:

**STATEMENT OF THE CASE**

Appellant Gerald Gilbert ("Gilbert"), proceeding *pro se* and *in forma pauperis*, is an inmate in the custody of the Texas Department of Criminal Justice ("TDCJ") and was confined at the Ramsey Unit in Rosharon, Texas at all times relevant to this litigation. (*See* CR at 6-20). Gilbert filed his Original Petition in this

cause on March 25, 2014 asserting claims for relief relating to the conditions of his confinement under state and federal law. (*See id.*). Appellees jointly filed their Motion to Dismiss under Chapter 14 of the Texas Civil Practice and Remedies Code ("Chapter 14") on May 28, 2014 (CR at 121), which was subsequently granted by the trial court on September 5, 2014. (CR at 277). Gilbert timely filed his Notice of Appeal on September 23, 2014. (CR at 280).

## ISSUES PRESENTED

I.    Whether Gilbert had the right to determine which trial judge would preside over his case in the county where his lawsuit was filed when the supreme court has plainly held that litigants do not have a propriety interest in having their cases heard by a particular judge and Texas Rule of Civil Procedure 330(e) allows for cases to be transferred between judges in the same county?

II.   Whether the trial court erred when it considered Appellees' Motion to Dismiss under Chapter 14 by submission when the plain language of the statute states that a hearing on such a motion is discretionary?

III.  Whether the procedural provisions contained in Chapter 14 may be constitutionally applied to federal civil rights claims proceeding in state court when application of Chapter 14 to federal claims has been judicially determined to be constitutional?

## STATEMENT OF FACTS

Gilbert has brought claims pursuant to 42 U.S.C. § 1983 and the Texas Tort Claims Act against several TDCJ and University of Texas Medical Branch ("UTMB") employees. (*See* CR at 6-20). Gilbert's claims arise from an alleged bus accident in the Ramsey prison parking lot in 2006. (CR at 10). Specifically, Gilbert claims he was injured when the bus driver suddenly halted the bus. (*Id.*). He further

claims to have received inadequate medical treatment following the accident and prison work assignments unsuitable to his physical condition. (CR at 11-12).

## SUMMARY OF THE ARGUMENT

Gilbert did not maintain a right to select which judge in Brazoria County would preside over his lawsuit. The Texas Rules of Civil Procedure, as well as the Texas Supreme Court, both refute the notion that a litigant may select which judge in the county of their lawsuit's filing will preside over a matter.

Gilbert's argument that the trial court improperly considered Appellees' Motion to Dismiss under Chapter 14 by submission is unfounded. To the contrary, section 14.003(c) expressly provides that the decision to hold a hearing is discretionary. Additionally, Gilbert's argument that a hearing by submission is another form of alternative dispute resolution, and thus his consent was required before the trial court could consider the motion by submission, is without merit.

Finally, Gilbert's suggestion that the procedural provisions of Chapter 14 do not apply to federal civil rights claims filed in state court is without legal support. Rather, the courts have plainly held that Chapter 14 is not pre-empted under the Supremacy Clause and may therefore be constitutionally applied to federal claims advanced in state court.

## ARGUMENT

**A.**	**Gilbert did not have a proprietary interest to select which judge would preside over his case in the county of filing.**

In his first point of error, Gilbert claims that Brazoria County and TDCJ officials conspired together to deprive him of a favorable forum. (Appellant's Br. at 5). More specifically, Gilbert alleges he addressed his Original Petition to the 23rd Judicial District of Brazoria County; however, he claims TDCJ officials redirected his legal mail to the 412th Judicial District of Brazoria County. (*Id.* at 4). Gilbert states he never requested or agreed to have his lawsuit filed in the 412th Judicial District. (*Id.* a 3).

A party does not have a protected proprietary interest in having his case heard by a particular judge or court within the county of filing. *In re PG & E Reata Energy, L.P.*, 4 S.W.3d 897, 901 (Tex. App.—Corpus Christi 1999); *see also*, *In re Rio Grande Valley Gas Co.*, 8 S.W.3d 303, 309 (Tex. 1999) (finding the same). In accordance with Texas Rule of Civil Procedure 330(e), district courts having civil jurisdiction in the same county may transfer cases and other proceedings from one court to another. Tex. R. Civ. P. 330(e). As such, counties are at liberty to adopt local rules for the transfer of cases from one district court to another within the parameters established by Rule 330(e). *Polk v. Sw. Crossing Homeowners Ass'n*, 165 S.W.3d 89, 93 (Tex. App.—Houston [14th Dist.] 2005). A transfer may be

4

made without a reason or formal order.  *European CrossCRds' Shopping Ctr., Ltd. v. Criswell*, 910 S.W.2d 45, 51 (Tex. App.—Dallas 1995).

Gilbert maintains that his forum choice may not be disturbed.  (*Id.* at 6).  He cites *Gerdes v. Kennamer*, 155 S.W.3d 523, 529 (Tex. App.—Corpus Christi 2004) for the proposition that the trial court may not change his choice of forum because his lawsuit was filed in accordance with the Texas venue rules.  (Appellant's Br. at 6).  The *Gerdes* court, however, addressed this concept in terms of the county where suit is filed.  *Gerdes*, 155 S.W.3d at 529.  Its holding does not give a litigant the ability to choose which judge in the county of filing hears a particular matter.  And while Gilbert may initiate his lawsuit in the county of his choice, subject to Texas venue provisions, Brazoria County was not obligated to give any particular deference to his judge selection.  *In re PG & E Reata Energy, L.P.*, 4 S.W.3d at 309.  Pursuant to Rule 330(e), counties are given the ability to assign and transfer cases as needed.  Tex. R. Civ. P. 330(e).  Accordingly, Gilbert maintains no right to proceed in his lawsuit before who he deems to be a more favorable judge.  *In re Rio Grande Valley Gas Co.*, 8 S.W.3d at 309.  His first point of error is without merit.

**B.** **Gilbert did not have a right to attend a hearing on Appellees' Motion to Dismiss under Chapter 14.**

Gilbert next contends that the trial court improperly considered Appellees' Chapter 14 Motion to Dismiss by submission.  (Appellant's Br. at 14).  To support his position, Gilbert maintains that a hearing by submission is essentially an

5

alternative dispute resolution process, which requires consent of the parties involved. (*Id.*). Because he never consented to alternative dispute resolution, Gilbert claims the court could not properly consider the dismissal motion by submission. (*Id.*).

"[A]n inmate bringing a claim subject to Chapter 14 has no right to be heard at a hearing upon a motion to dismiss his or her claims." *Hamilton v. Pechacek*, 319 S.W.3d 801, 808 (Tex. App.—Ft. Worth 2010). Section 14.003(c) provides, in pertinent part, that "in determining whether [to dismiss under section 14.003], the court *may* hold a hearing." Tex. Civ. Prac. & Rem. Code Ann. § 14.003(c) (West) (emphasis added). The plain language of the statute demonstrates that a hearing on a motion to dismiss under Chapter 14 is discretionary. *Hamilton*, 319 S.W.3d at 808; *see also*, *Thomas v. Wichita Gen. Hosp.*, 952 S.W.2d 936, 938 (Tex. App.—Ft. Worth 1997) (finding it was not mandatory that the trial court hold a hearing to decide whether inmate's suit should be dismissed under Chapter 14).

In the instant matter, Appellees filed a motion to dismiss Gilbert's claims under Chapter 14. (CR 121). As they sought dismissal under Chapter 14, the trial court was not required to hold a hearing on the motion. To the extent Gilbert argues his consent was required for a hearing by submission, his objection is unfounded, as the legislature left the decision of whether to hold a hearing in the sound discretion of the trial court. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(c) (West).

**C.** **Chapter 14 may be constitutionally applied to federal claims filed in state court.**

In his final point of error, Gilbert claims that a cause of action under section 1983 is not subject to the procedural provisions enumerated under Chapter 14, such as the 31-day filing requirement, because application of state procedural devices to a federal claim is unconstitutional.[1] (Appellant's Br. at 18-19). In support of his argument, Gilbert cites *Felder v. Casey*, 487 U.S. 131 (1988), where the United States Supreme Court held that a Wisconsin notice-of-claim statute conflicted with the remedial objectives of section 1983 and was therefore pre-empted pursuant to the Supremacy Clause. (Appellant's Br. at 22).

"States may apply their own neutral procedural rules to federal claims, unless those rules are pre-empted by federal law." *Howlett By & Through Howlett v. Rose*, 496 U.S. 356, 372 (1990). In doing so, the Texas legislature enacted Chapter 14, which "merely imposes a neutral procedural requirement on *pro se*, indigent inmates who file a civil claim in state court to enable the trial court to discern whether the case is frivolous and the work of a nuisance litigator." *Thomas v. Wichita Gen.*

---

[1] Gilbert's second issue on appeal is resolved within this argument section. Gilbert claims that the trial court erred when it did not allow him to file federal application to proceed *in forma pauperis*. (Appellant's Br. at 10-11). Gilbert sought to file the federal application as a substituted instrument for his declaration of inability to pay costs. (*Id.*). Gilbert claims that by filing the federal application, and thereby replacing his declaration of inability to pay costs, he would no longer be subject to the 31-day filing requirement Chapter 14 imposes on *pro se*, indigent inmates proceeding in state court. (*Id.*). As will be demonstrated, Gilbert's arguments are misguided, as the procedural mechanisms employed under Chapter 14 may be constitutionally applied to civil rights claims in state court.

7

*Hosp.*, 952 S.W.2d 936, 940 (Tex. App.—Ft. Worth 1997). Congress has similarly passed the Prison Litigation Reform Act, which imposes substantially similar requirements on *pro se*, indigent inmates proceeding in the federal courts. *See* 42 U.S.C. § 1997e (West); *see also*, *Thomas v. Bush*, 23 S.W.3d 215, 218 (Tex. App.—Beaumont 2000) (discussing the similarities between the Prison Litigation Reform Act and Chapter 14). "Considering federal law imposes substantially similar requirements on inmates litigating *in forma pauperis*, we conclude [Chapter 14] do[es] not offend the Supremacy Clause." *Id.*; *see also*, *Hughes v. Massey*, 65 S.W.3d 743, 745 (Tex. App.—Beaumont 2001) (finding the same).

Gilbert cannot successfully challenge the constitutionality of Chapter 14 under these circumstances. Because he filed his section 1983 claim in state court, he was subject to the procedural devices attendant to suits filed by *pro se*, indigent inmates in accordance with Chapter 14. *See* Tex. Civ. Prac. & Rem. Code § 14.002(a). Gilbert would have been subject to substantially similar provisions had he filed his claim in the federal courts. *See e.g.*, 42 U.S.C. § 1997e (West) (requiring inmates to exhaust administrative remedies prior to filing suit). For that reason, Gilbert's reliance on *Felder* is of little consequence, as *Felder* did not address a situation where Congress had created a statute accomplishing the same goals as the challenged state statute. *See Thomas*, 23 S.W.3d at 218 (discussing Chapter 14 and the Prison Litigation Reform Act). As such, the Texas appellate courts have

routinely upheld Chapter 14 in the context of supremacy clause challenges. *See, e.g.*, *Thomas*, 23 S.W.3d at 218; *Williams v. Texas Dep't of Criminal Justice Inst. Div.*, No. 14-01-00646-CV, 2002 WL 1822424, at *2 (Tex. App.—Houston [14th Dist.] Aug. 8, 2002); *Richard v. Dretke*, No. 14-08-00714-CV, 2009 WL 909621, at *4 (Tex. App.—Houston [14th Dist.] Apr. 7, 2009). Gilbert's final point of error is without merit.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court dismissing this matter pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code should be affirmed.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**CHARLES E. ROY**
First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ Briana Webb
**BRIANA WEBB**
Assistant Attorney General
Attorney-In-Charge
Texas Bar No. 24077883
briana.webb@texasattorneygeneral.gov

P. O. Box 12548, Capitol Station
Austin, Texas  78711
Phone: (512) 463-2080
Fax: (512) 936-2109

/s/ Kyle Smith
**KYLE SMITH**
Assistant Attorney General
Attorney-In-Charge
Texas Bar No. 24086814
kyle.smith@texasattorneygeneral.gov

P. O. Box 12548, Capitol Station
Austin, Texas  78711
Phone: (512) 463-2080
Fax: (512) 936-2109

**ATTORNEYS FOR APPELLEES**

## NOTICE OF ELECTRONIC FILING

I, **Kyle Smith**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing a true copy of the above in accordance with the Electronic Case FilesXpressSystem of the First Court of Appeals of Texas, on this the 9th day of February, 2015.

/s/ Kyle Smith
**KYLE SMITH**
Assistant Attorney General

## CERTIFICATE OF COMPLIANCE

I, **Kyle Smith**, in accordance with Texas Rule of Appellate Procedure 9.4(i)(2)(E), certify that the foregoing document contains approximately 2,941 words. This calculation was made by the computer program used in preparing this document.

/s/ Kyle Smith
**KYLE SMITH**
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, **Kyle Smith**, Assistant Attorney General of Texas, do hereby certify that a

correct copy of the foregoing instrument has been served by placing the same in the

United States mail on 9th day of February, 2015, addressed to:

**Gerald Gilbert**
TDCJ No. 1236206
Ramsey Unit
1100 FM 655
Rosharon, Texas 77583

/s/ Kyle Smith
**KYLE SMITH**
Assistant Attorney General