**Erle Douglas McLEOD, et al., Relator,**

v.

**Honorable Ed J. HARRIS, Judge, et al., Respondents.**

No. B–8228.

Supreme Court of Texas.

May 30, 1979.

Rehearing Denied June 27, 1979.

Fisher, Roch & Gallagher, Mike T. Gallagher, Houston, Shirley, Shirley & Mackey, Michael G. Shirley, Texas City, for relator.

Elmo Schwab, Thornton & Dunnam, R. Richard Thornton, Galveston, for respondents.

BARROW, Justice.

The question presented here is whether respondent, Honorable Edward J. Harris, Judge of the 10th Judicial District Court of Galveston County, is required by the provisions of Article 200a, Section 6 [1] to request the Presiding Judge of the Second Administrative District to hear relator's motion to recuse Judge Harris from hearing Cause No. 26,651, In the *Matter of the Marriage of Erle Douglas McLeod and Sarah Helms McLeod* which is now pending in the 306th Judicial District Court of Galveston County. We hold that the statute requires Judge Harris to make such request and conditionally grant the writ of mandamus.

Section 6 of Article 200a was amended by the 65th Legislature effective August 29, 1977 to provide in part:

"It shall be the duty of any district judge of any district within the Administrative District to diligently discharge the administrative responsibilities of office, to rule on a case within three months after that case has been taken under advisement, to extend the regular terms of his court, and to call special terms, when necessary to carry out the purposes of this Act and dispose of pending litigation. It shall also be the duty of a district judge in whose court an election contest or suit brought for the removal of a local official is filed to request the Presiding Judge of the Administrative Judicial District to assign a judge of the Administrative District who is not a resident of the county to hold a special or regular term of court in that county in order to dispose of such suits. A DISTRICT JUDGE SHALL REQUEST THE PRESIDING JUDGE TO ASSIGN A JUDGE OF THE ADMINISTRATIVE DISTRICT TO HEAR ANY MOTIONS TO RECUSE SUCH DISTRICT JUDGE FROM A CASE PENDING IN HIS COURT. . . ."

[The remainder of this section refers to matters not involved in this controversy.] (Emphasis Added)

Cause No. 26,651, being a suit for divorce, was filed by relator in the 306th Family District Court of Galveston County on June 13, 1978, but was assigned to Judge Harris because of a temporary vacancy in the office of Judge, 306th District Court. On January 26, 1979, relator filed his motion in said cause seeking to have Judge Harris recuse himself from hearing this divorce action because of the close personal relationship of Judge Harris and his wife with Sarah Helms McLeod and because of political differences between relator and Judge Harris. On February 6, 1979, Judge Harris conducted a hearing on said motion after refusing to request the Presiding Judge to appoint another judge to hear the motion and subsequently entered an order denying the motion. [2] Relator declined to offer evidence at this hearing before Judge Harris, but instead filed this proceeding seeking a writ of mandamus to compel Judge Harris to comply with the provisions of Article 200a, Section 6.

The statute states in mandatory language that the district judge *shall* request the Presiding Judge to assign a judge to hear any motions to recuse. Respondents urge, however, that this provision has reference only to the preceding sentence of the statute and therefore it is applicable only to

---

1.  All statutory references are to Texas Revised Civil Statutes Annotated.

2.  Parallel to Article 200a, Section 4, the district judges of the Second Administrative District have adopted Rules of Procedure including the following rule:

    "In accordance with Art. 200a, Sec. 6, V.A. T.S. (as amended), it shall be the duty of a District Judge, in whose court is filed a motion for that judge to recuse himself, to request the Presiding Judge to assign another judge to hear such motion."

    A similar rule has been adopted by other administrative districts. Since the rule in question is also court-made, we do not have a constitutional question of separation of powers.

election contests or suits brought for the removal of local officials. Neither grammatical construction of the section nor the legislative history of the 1977 amendment justifies such a construction.

■ The 1977 amendment enumerates several duties of district judges. It provides that he shall rule on a case within three months after that case has been taken under advisement. Also where an election contest or suit brought for the removal of a local official is filed in his court, the district judge "shall request the Presiding Judge of the Administrative Judicial District to assign a judge of the Administrative District who is not a resident of the county" to dispose of such suit. There then follows the sentence in question which states that the district judge "shall request the Presiding Judge to assign a judge of the Administrative District to hear any motions to recuse such district judge from a case pending in his court." This requirement is unrelated to the prior sentence regarding election contests and suits for removal of a local official. Furthermore, there would be no need to repeat the prior mandatory direction that the district judge *shall request* the Presiding Judge to assign another judge to dispose of these suits. *See Sullivan v. Berliner,* 568 S.W.2d 844 (Tex.1978).

The legislative history of the 1977 amendment is contained in Interim Report of the Judiciary Committee of the House of Representatives of the Sixty-Fifth Legislative Session. This report states in part:

### "MOTIONS TO DISQUALIFY, ELECTION CONTESTS, SUITS TO REMOVE COUNTY OFFICIALS

"The Presiding Judge should be given the duty to hear all motions to disqualify a judge from a case or to assign another judge to hear such motions. It should be the duty of the Presiding Judge to hear or to assign a visiting judge to hear any election contests or suits to remove county officials in a county. It is probably asking too much of judicial impartiality to expect a judge to rule objectively on a motion that he disqualify himself from a case for cause if he has not already recused himself voluntarily. By the same token, it is unfair to ask a judge of a county to hear an election contest or removal case when the judge himself is a political creature, perhaps aligned with one of the factions involved. A judge should not be placed in the position or be given the opportunity to rule in such cases. The Presiding Judge under the present statute has no authority to withdraw a case from a judge and the procedures for disqualifying the judge or removing him when he refused to do so are time-consuming and uncertain. The Committee recommends that the Presiding Judge be given the authority to assign a visiting judge to hear such matters, or to hear those matters himself."

It is clear from not only the heading of this section, but also from the contents thereof that the Committee was concerned about three separate situations where a visiting judge should properly be called upon to exercise judicial discretion.

■ It should be pointed out that under the terms of this statute, the motion to recuse does not in itself disqualify the local judge, nor do we here express any opinion relative to the merits of relator's motion. The statute merely requires that another judge be assigned to determine the merits of the motion[3].

---

**3.** The basis for disqualification of a judge is contained in Article V, Section 11 of the Texas Constitution which provides in part:

"No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when he shall have been counsel in the case."

This constitutional prohibition has been implemented by Art. 15, Tex.Rev.Civ.Stat.Ann., Art. 30.01 of the Tex.Code Crim.Pro.Ann., and by Canon 3C of the Code of Judicial Conduct as promulgated by the Supreme Court of Texas, amended as of February 18, 1977.

■ We conclude that under the express terms of Article 200a, Section 6, Judge Harris. had the mandatory duty to request the Presiding Judge of the Second Administrative District to assign another district judge to hear relator's motion to recuse. We are certain that Judge Harris will comply with this opinion and request the Presiding Judge to assign another judge to hear relator's motion. In the event he fails to do so, a writ of mandamus will issue. The petition for writ of mandamus is conditionally granted.