Clinton MANGES, Relator,

v.

The Honorable Ricardo H. GARCIA, District Judge, 229th District Court of Starr County, Vannie E. Cook, Jr., and Cove Investments, Inc., Respondents.

No. 16824.

Court of Civil Appeals of Texas, San Antonio.

April 29, 1981.

Pat Maloney, Jr., San Antonio, for relator.

Garland F. Smith, Weslaco, Lloyd Lochridge, Austin, Morris Atlas, McAllen, Arnulfo Guerra, Roma, Frank R. Nye, Jr., Rio Grande City, Royal D. Adams, San Antonio, Price Daniel, Sr., Liberty, Daniel K. Hedges, Larry G. Patton, Houston, for respondents.

OPINION

CADENA, Chief Justice.

Relator, Clinton Manges, defendant and counter plaintiff in Cause No. 4684, styled *Ruben R. Guerra et al. v. Clinton Manges et al.* (sometimes referred to in the trial court as *Clinton Manges et al. v. Cove Investments et al.* and *Cove Investments v. Clinton Manges et al.*), now pending in the 229th District Court, seeks a writ of mandamus ordering Respondent, The Honorable Ricardo H. Garcia, presiding judge of said court, to hear certain pretrial motions which have been filed in such case.

It appears that Respondent has recused himself in all cases involving Relator. The Honorable J. R. Alamia, presiding judge of

the Fifth Administrative Judicial District of Texas, which includes the 229th Judicial District, has assigned the Honorable Thurman Gupton to the 229th District Court of Starr County, beginning April 23, 1981, "for the trial of such matters as may come before him in connection with Cause No. 4684 ..." and terminating "when such matters are concluded." The order signed by Judge Alamia assigning Judge Gupton to hear the case is dated March 30, 1981, and recites that the assignment of Judge Gupton is based on the fact that the Honorable Joe R. Greenhill, Chief Justice of the Supreme Court of Texas, has "assigned the Hon. Thurman Gupton, Retired Judge, ... into the Fifth Administrative Judicial District of Texas for re-assignment."

By letter dated April 10, 1981, all parties to Cause No. 4684 were notified that such case was set for hearing "on Pretrial Motions for April 23, 1981 at 10:00 a. m. in Rio Grande City, Texas." By letter from the District Clerk dated April 14, 1981, the parties were notified that the time for such hearing had been changed to 9:30 A.M. on April 23, 1981, in the 229th Judicial District Court of Starr County.

Relator insists that Respondent, Judge Garcia, is under a duty to act in Cause No. 4684 unless he is precluded from doing so because he labors under one of the impediments enumerated in Article V, section 11, of the Texas Constitution.

In *Love v. Wilcox*, 119 Tex. 256, 28 S.W.2d 515, 518 (1930), Justice Greenwood stated that

> "Under the Texas Constitution, it is the duty of the judge to sit save 'in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when he shall have been counsel in the case,'"

pointing out that the constitutional provision "not only specifies the grounds for disqualification but such grounds have always been held by the Supreme Court to be exclusive."

In *McLeod v. Harris*, 582 S.W.2d 772 (Tex.1979), plaintiff in a divorce case filed a motion to have the trial judge recuse himself because of the close personal relationship between the judge and plaintiff's wife and political disagreements between plaintiff and the judge. The judge, after refusing to request the presiding judge of the administrative district to appoint another judge to hear the motion to recuse, entered an order denying the motion. The plaintiff then applied to the Supreme Court for a writ of mandamus to compel the challenged judge to request that the presiding judge assign another judge to hear the motion to recuse as provided in Tex.Rev.Civ.Stat.Ann. art. 200a § 6 (Vernon 1980 Supp.).

Justice Barrow, in holding that the statutory provision that a challenged judge request the assignment of another judge to hear the motion to recuse is mandatory, noted, in a footnote, that Article V, section 11, of the Texas Constitution "has been implemented by Art. 15, Tex.Rev.Civ.Stat. Ann., Art. 30.01 of the Tex.Code Crim.Pro. Ann., and by Canon 3c of the Code of Judicial Conduct as promulgated by the Supreme Court of Texas, amended as of February 18, 1977." 582 S.W.2d at 774, n.3.

In *Robb v. Robb*, 605 S.W.2d 390, 391 (Tex.Civ.App.—El Paso 1980, no writ), the Court, after referring to several decisions, including *Love v. Wilcox, supra,* holding that the grounds for disqualification enumerated in the Constitution were both "inclusive and exclusive," and referring to the statement in *Maxey v. Citizens National Bank of Lubbock*, 489 S.W.2d 697, 702 (Tex. Civ.App.—Amarillo 1972), rev'd on other grounds, 507 S.W.2d 722 (Tex.1974), that "mere prejudice and bias are excluded as a disabling factor," said:

> All of this has now been changed by the Supreme Court's decision in *McLeod v. Harris, supra.*
>
> . . . .
>
> We are bound by that decision and follow it in this case, but we are not precluded from questioning its soundness, for the constitution cannot be amended by judicial fiat. Or, if we misconstrue

the opinion, and bias and prejudice are not grounds for disqualification of a judge, then what reason is there for mandating a hearing on a motion alleging such causes to recuse?

It should be pointed out that the *McLeod* opinion expressly states that the Supreme Court was not expressing "any opinion relative to the merits of relator's motion," and that the writ of mandamus was issued because the "statute merely requires that another judge be assigned to determine the merits of the motion." 582 S.W.2d at 774.

Tex.Rev.Civ.Stat.Ann. art. 15, in providing for disqualification of judges, uses the language of the Constitution, except that it prescribes the connection between the parties and the judge sufficient to disqualify as a connection within the third degree. Article 30.01 of the Code of Criminal Procedure prohibits a judge from sitting in any criminal case where he may be the party injured, or where he has been of counsel for the State or the accused, or where the accused or the party injured is connected with the judge, by consanguinity or affinity, within the third degree.

Canon 3 C(1)(a) of the Code of Judicial Conduct[1] provides that a judge should disqualify himself in a proceeding in which his impartiality "might reasonably be questioned" if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

It is clear that Canon 3 C(1)(a) contemplates that a judge's refusal to sit may be based on a reason not included in the disqualifying grounds enumerated in the Constitution, and it is this expansion of the constitutional statement of disqualifying factors which was condemned in *Robb* as amendment of the Constitution by a judicial fiat.

It is well settled that trial before an unbiased judge is essential to due process, since the concept of even-handed justice is at the core of any definition of due process.

*Johnson v. Mississippi*, 403 U.S. 212, 216, 91 S.Ct. 1778, 1780, 29 L.Ed.2d 423 (1971); *Mayberry v. Pennsylvania*, 400 U.S. 455, 465, 91 S.Ct. 499, 505, 27 L.Ed.2d 532 (1971). One of the hallmarks of our system of justice is the constant attempt to prevent even the probability of unfairness. To attain this goal, the courts have identified various circumstances which point to the conclusion that the possibility of actual bias of the adjudicator is too high to be constitutionally tolerable. The application of this principle is not limited to cases in which the decision maker has an "interest" in the result. It is applicable to cases where the judge has been the target of personal abuse or criticism from the party before him. *Withrow v. Larkin*, 421 U.S. 35, 47, 95 S.Ct. 1456, 1464, 43 L.Ed.2d 712 (1975). Although the majority of cases in which the principle has been applied involve criminal prosecutions, the fact that, as recognized in *Larkin*, the rule applies to hearings before administrative agencies supports the conclusion that it is applicable to civil cases. There is no reason to conclude that our elementary notions of fairness are inapplicable to civil cases.

To adopt a principle that, because of the "inclusive-exclusive" constitutional provision, a Texas litigant must submit his case to a judge whose personal bias against the litigant prevents affording such litigant an opportunity to be heard before a fair and impartial tribunal, would, at the very least, raise significant questions under the due process requirements of the Fourteenth Amendment to the Constitution of the United States.

The fact that a judge, other than the regular judge in which the case was filed, was assigned to hear the case, does not deny Relator due process and equal protection of the law, even in the absence of a showing that the regular judge was disqualified. *Foreman v. State*, 505 S.W.2d 564, 567 (Tex.Cr.App.1974). The reasons for the assignment of a different judge to hear the case are, therefore, irrelevant.

---

1. The Code of Judicial Conduct is identified as Appendix to Title 14 of Tex.Rev.Civ.Stat.Ann. It is presently found on p. 85 of the 1980 Supp. to Vol. 1A of Tex.Rev.Civ.Stat.Ann.

Associate Justice Esquivel agrees that, on the record before us, this Court should not order Judge Garcia to sit in Cause No. 4684. He would, however, grant Relator's alternative prayer that Judge Garcia be ordered to make known the reasons for his recusal.

The application for writ of mandamus is denied.