**In re RIO GRANDE VALLEY GAS CO. and Southern Union Gas Co., Relators.**

**In re PG & E Reata Energy, L.P. et al., Relators.**

Nos. 99–1067, 99–1068.

Supreme Court of Texas.

Nov. 12, 1999.

E. Lee Parsley, Austin, Cynthia Keely Timms, Dallas, J.A. (Tony) Canales, Corpus Christi, Daniel W. Bishop, II, Austin, David C. Garza, Brownsville, Christina Carlson Dodds, Austin, Jerry K. Clements, Dallas, for Relator in cause no. 99-1067.

Juan A. Magallanes, Brownsville, Luther H. Soules, III, San Antonio, Sheryl A. Scott, Houston, Gilberto Hinojosa, Brownsville, Juan R. Molina, Weslaco, Ramon Garcia, Edinburg, Jennifer Bruch Hogan, Benjamin L. Hall, III, Elizabeth B. Hawkins, Houston, Paul D. Andrews, Sara S. Murray, B. Mills Latham, San Antonio, Eduardo R. Rodriguez, Brownsville, for Respondent in cause no. 99-1067.

B. Mills Latham, San Antonio, Eduardo R. Rodriguez, Juan A. Magallanes, Brownsville, Luther H. Soules, III, Paul D. Andrews, Sara S. Murray, San Antonio, Gilberto Hinojosa, Brownsville, for Relato in cause no. 99-1068.

Benjamin L. Hall, III, Houston, Juan R. Molina, Weslaco, Elizabeth B. Hawkins, Sheryl A. Scott, Houston, for Respondent in cause no. 99-1068.

Justice HECHT, joined by Justice OWEN, dissenting from the denial of the petitions for writ of mandamus.

These two petitions for mandamus raise an important question about the scope of local court rules—rules adopted by a majority of the district or county judges in a county,[1] and sometimes by individual judges.[2] The question is this: can local court rules authorize the transfer of a case from one court to another in the same county when the transfer would (a) circumvent the procedure prescribed by statute and by state court rules for determining whether the presiding judge of the court from which the case was transferred must recuse, or (b) nullify the assignment of a judge to the case made by the presiding judge of the administrative judicial region pursuant to statute and state court rules? A divided court of appeals answered yes to both parts of the question.[3] The court's ruling allows local court rules to trump state court procedural and administrative rules promulgated by this Court and even statutes enacted by the Legislature. The court of appeals' ruling also seriously undermines the authority given regional presiding judges by statute and rule. For reasons much like those set out by Justice Yañez in her articulate dissenting opinion in the court below,[4] I would reach the opposite conclusion and grant these two petitions for mandamus. Because the Court denies the petitions, I respectfully dissent.

The saga of the ongoing litigation from which the petitions now before us emerge is serialized in three opinions of the court of appeals,[5] where the reader can find a

---

1. "The district and statutory county court judges in each county shall, by majority vote, adopt local rules of administration." Tex. Gov't Code § 74.093(a).

2. "Each administrative judicial region, district court, county court, county court at law, and probate court may make and amend local rules governing practice before such courts [subject to certain provisions]." Tex.R. Civ. P. 3a.

3. *In re PG & E Reata Energy, L.P.,* 4 S.W.3d 897 (Tex.App.—Corpus Christi 1999, orig. proceeding).

4. *Id.* at 901 (Yañez, J., dissenting).

5. *In re PG & E Reata Energy, L.P.,* 4 S.W.3d 897 (Tex.App.—Corpus Christi 1999, orig. proceeding); *In re Rio Grande Valley Gas Co.,* 987 S.W.2d 167 (Tex.App.—Corpus Christi 1999, orig. proceeding); *Rio Grande Valley*

complete list of the numerous parties involved and other such details. A much abbreviated summary of the latest events is all that is here required to put matters in context.

On October 8, 1998, Judge Noé Gonzalez, the local administrative district judge [6] in Hidalgo County, ordered seven cases in the 92nd District Court transferred to the 370th District Court, over which he presides. The cases all relate to claims by Texas municipalities that defendant gas utilities have underpaid franchise fees for their use of city property for their transmission lines and other facilities. The plaintiff municipalities in the several cases are almost all represented by the same legal counsel. There are two groups of defendants, who are relators, respectively, in the two petitions for mandamus before this Court. For present purposes, the seven cases fall into three categories as follows:

- *The Assigned Cases.* In three cases, Judge Westergren of the 214th District Court in Nueces County presides by virtue of assignment by the presiding judge of the fifth administrative judicial region,[7] which includes Hidalgo County. Judge Westergren was assigned to two of the cases after defendants successfully moved to recuse first Judge Homer Salinas, then judge of the 92nd District Court,[8] and later Judge Edward G. Aparicio, Judge Salinas's successor and the current presiding judge of that court.[9] The regional presiding judge's assignment orders are substantively identical and are quoted in pertinent part in the margin.[10] The third case was severed from one of the other two by Judge Westergren.[11]

- *The Recusal Cases.* In three cases,[12] defendants' motions to recuse Judge Aparicio are pending. Judge Aparicio has neither granted the motions nor referred them to the regional presiding

---

Gas Co. v. City of Pharr, 962 S.W.2d 631 (Tex.App.—Corpus Christi 1997).

**6.** *See* TEX. GOV'T CODE §§ 74.091 (providing for local administrative judge), and 74.092 (stating duties).

**7.** *See* TEX. GOV'T CODE §§ 74.041–.047.

**8.** *City of Pharr v. Rio Grande Valley Gas Co.,* No. C–4558–95–A–2 (92nd Dist. Ct., Hidalgo County, Tex. June 24, 1996) (severed from *City of Edinburg v. Rio Grande Valley Gas Co.,* No. C–4558–95–A (92nd District Court, Hidalgo County, Tex. Aug. 31, 1995)).

**9.** *City of Mercedes v. Reata Indus. Gas, L.P.,* No. C–2262–97–A (92nd Dist. Ct., Hidalgo County, Tex. Apr. 16, 1997).

**10.** "Pursuant to Section 74.056, Tex. Gov't.Code, I hereby assign the Honorable Mike Westergren Judge of the 214th District Court to the 92nd District Court of Hidalgo County, Texas.

"This assignment is for a period beginning as determined by the assigned judge and continuing thereafter so long as may be necessary for the assigned judge to complete trial of any cause begun during such period, and to pass on motions for new trial and all other matters growing out of any cause heard by the assigned judge during such period.

"CONDITION(S) OF ASSIGNMENT (IF ANY):

"This assignment shall be for purposes of presiding in [the case described by number and style] and such other matters as may come on for hearing."

**11.** *City of Alton v. Rio Grande Valley Gas Co.,* No. C–4558–95–A(3) (92nd Dist. Ct., Hidalgo County, Tex. Mar. 1998) (intervention filed July 18, 1996, in *City of Edinburg v. Rio Grande Valley Gas Co.,* No. C–4558–95–A (92nd District Court, Hidalgo County, Tex. Aug. 31, 1995), severed and retained in 92nd Dist. Ct.).

**12.** *City of Weslaco v. Reata Indus. Gas, L.P.,* No. C–2276–97–A (92nd Dist. Ct., Hidalgo County, Tex. Apr. 17, 1997); *City of Pharr v. PG & E Gas Transmission,* No. C–427–98–G (92nd District Court, Hidalgo County, Tex. filed Jan. 29, 1998) (filed in 370th Dist. Ct., Hidalgo County, Tex., transferred the same day by docket entry to the 92nd Dist. Ct., removed to U.S. Dist. Ct., and remanded Sept. 25, 1998, to the 92nd Dist. Ct.); *City of Mercedes v. PG & E NGL Mktg., L.P.,* No. C–786–98–B (92nd Dist. Ct., Hidalgo County, Tex. Feb. 18, 1998) (filed in the 93rd Dist. Ct.,

judge, his only choices [13] under 74.059(c)(3) of the Government Code [14] and Rule 18a(c) of the Texas Rules of Civil Procedure.[15]

• *The Dismissed Case.* One case, involving cross-claims by one defendant against others that were severed by Judge Westergren from one of the cases to which he was assigned, was dismissed without prejudice after the plaintiff nonsuited.[16]

On defendants' petitions for mandamus, the court of appeals directed Judge Gonzalez to vacate his transfer order.[17] The court of appeals held that Judge Gonzalez's power to transfer cases was circumscribed by the local rules adopted by the district judges in Hidalgo County.[18] Those rules provided that the transfer of a case from one court to another must be initiated by the judge presiding over the case.[19] Judge Westergren, presiding over *the Assigned Cases*, had not initiated transfer of those cases. Judge Aparicio, the court of appeals held, was prohibited by Rule 18a from taking any action unrelated to the pending motions to recuse in *the Recusal Cases.*[20] *The Dismissed Case,* the court observed, could not be transferred because it was no longer pending.[21] Moreover, the court reasoned that a transfer of *the Recusal Cases* would conflict with Rule 18a:

> To allow transfer of a case in circumstances where a rule 18a motion is pending would nullify the mandatory provisions of the rule. Transfer could serve as a device by which any rule 18a challenge could be preempted, thereby depriving the challenging party of its right to have a recusal issue resolved. We decline to embrace such a result.[22]

Accordingly, the court concluded that the cases were not properly transferred to the 370th District Court.[23]

The court of appeals issued its decision on February 18, 1999. On March 19, the seven district judges in Hidalgo County amended their local rules to provide, as do local rules in other counties,[24] for the unilateral transfer of cases by the local administrative judge. The amended rules were approved by Judge Hester on March 29, and by this Court on April 8.[25] On April

---

**13.** *See In re Rio Grande Valley Gas Co.,* 987 S.W.2d 167, 178 (Tex.App.—Corpus Christi 1999, orig. proceeding) ("A trial judge does not have the option of doing nothing; he must act in one of the two specified ways provided in rule 18a.").

**14.** "A district ... court judge shall ... request the presiding judge [of the administrative region] to assign another judge to hear a motion relating to the recusal of the judge from a case pending in his court...."

**15.** "Prior to any further proceedings in the case [after a motion to recuse is filed], the judge shall either recuse himself or request the presiding judge of the administrative judicial district to assign a judge to hear such motion."

**16.** *Southern Union Co. v. Valero Energy Corp.,* No. C–4558–95–A–4 (92nd Dist. Ct., Hidalgo County, Tex. Mar. 26, 1997) (severed from *City of Edinburg v. Rio Grande Valley Gas Co.,*

No. C–4558–95–A (92nd District Court, Hidalgo County, Tex. Aug. 31, 1995), and dismissed after nonsuit May 1, 1998).

**17.** *In re Rio Grande,* 987 S.W.2d at 180.

**18.** *Id.* at 176.

**19.** *Id.*

**20.** *Id.* at 178–180.

**21.** *Id.* at 176 ("Because the record before us indicates that [*the Dismissed Case* ] was dismissed without prejudice prior to the October 8 transfer order, the order purportedly transferring that case is also void.").

**22.** *Id.* at 178.

**23.** *Id.* at 180.

**24.** *See, e.g.,* CAMERON COUNTY LOC. R. 1.1(f)(1); EL PASO COUNTY LOC. R. 3.02(B); HARRIS COUNTY LOC. R. 3.2.5.

**25.** Order of the Supreme Court of Texas for Approval of Local Rules for the District

---

Hidalgo County, Tex., but immediately transferred to the 92nd Dist. Ct., removed to U.S. Dist. Ct., and remanded Sept. 30, 1998, to the 92nd Dist. Ct).

29, Judge Gonzalez complied with the court of appeals' ruling and transferred the seven cases (including *the Dismissed Case)* back to the 92nd District Court. But on May 12, Judge Gonzalez ordered the cases transferred back to himself, apparently on the authority of the amended local rules. (The record does not contain an order transferring one of *the Assigned Cases* back to Judge Gonzalez, but a facsimile cover sheet from Judge Gonzalez lists that case among the seven transferred.)

Defendants immediately challenged the transfers again by petitions for mandamus. On Thursday, October 21, 1999, a divided court issued its opinion denying relief. Concluding that "[t]here is nothing in the rule [Rule 18a] or statute [section 74.059(c)(3) of the Government Code] to indicate that the appointment of a new judge by the Presiding Judge of the administrative judicial region following recusal is entitled to any higher dignity that the random assignment of a judge and court within the county where the lawsuit is filed",[26] the court held that Judge Gonzalez could transfer the cases to himself, as permitted by the amended local rules, thereby nullifying Judge Hester's assignment of Judge Westergren to sit in *the Assigned Cases,* and effectively mooting the motions to recuse Judge Aparicio in *the Recusal Cases.* The court of appeals did not set aside the transfer of *the Dismissed Case,* contrary to its holding months earlier that the transfer of that dismissed case was void.[27]

Defendants now petition this Court for mandamus relief directing Judge Gonzalez to transfer the seven cases at issue back to the 92nd District Court. These petitions should be granted because the Hidalgo County local district court rules cannot be applied to conflict with statutes and state rules of procedure and administration that prescribe the procedure for involuntary recusal of a judge and the authority generally of regional presiding judges to assign judges. I shall begin the analysis by focusing on recusal procedure and then move to the broader assignment issue.

· By statute enacted in 1977, the Legislature determined that motions to recuse district judges must be determined by a judge assigned by the presiding judge of the administrative region.[28] The House Judiciary Committee report on the legislation explained: " The Presiding Judge should be given the duty to hear all motions to disqualify a judge from a case or to assign another judge to hear such motions." [29] The statute, now codified as section 74.059(c)(3) of the Government Code, states that "[a] district ... judge shall ... request the presiding judge [of the administrative judicial region] to assign another judge to hear a motion relating to the recusal of the judge from a case pending in his court...." Twenty years ago in *McLeod v. Harris,* we held that the statute imposes a mandatory duty on a judge who receives a motion to recuse to make the request to the regional presiding judge.[30]

In 1980, this Court adopted Rule 18a of the Rules of Civil Procedure to implement the statutory responsibility of presiding judges over motions to recuse.[31] The rule, like the statute, prescribes a mandatory procedure. Rule 18a(c) states that after a

Courts in Hidalgo County, Misc. Docket No. 99–9068 (Apr. 8, 1999).

**26.** 4 S.W.3d at 900.

**27.** *In re Rio Grande,* 987 S.W.2d at 176.

**28.** Act of May 30, 1977, 65th Leg., R.S., ch. 389, § 1, 1977 Tex. Gen. Laws 1060. *See also* Tex. Const. art. V., § 7 ("The Legislature shall also provide for the holding of District Court when the judge thereof is absent, or is

from any cause disabled or disqualified from presiding.").

**29.** *See McLeod v. Harris,* 582 S.W.2d 772, 774 (Tex.1979).

**30.** *Id.* at 775.

**31.** Order of the Supreme Court of Texas, 599–600 S.W.2d (Texas Cases) xxxiii, xxxiv-xxxv (June 10, 1980).

motion to recuse is timely filed, "[p]rior to any further proceedings in the case, the judge shall either recuse himself or request the presiding judge of the administrative judicial district to assign a judge to hear such motion." Rule 18a(d) adds:

> If the judge declines to recuse himself, he shall forward to the presiding judge of the administrative judicial district, in either original form or certified copy, an order of referral, the motion, and all opposing and concurring statements. Except for good cause stated in the order in which further action is taken, the judge shall make no further orders and shall take no further action in the case after filing of the motion and prior to a hearing on the motion. The presiding judge of the administrative judicial district shall immediately set a hearing before himself or some other judge designated by him, shall cause notice of such hearing to be given to all parties or their counsel, and shall make such other orders including orders on interim or ancillary relief in the pending cause as justice may require.

Thus, the regional presiding judge's responsibility is not limited to adjudication of the motion to recuse but extends to making "orders on interim or ancillary relief in the pending cause as justice may require." Finally, Rule 18a(f) states that "[i]f the motion is granted, the order shall not be reviewable, and the presiding judge shall assign another judge to sit in the case."

Not only does Rule 18a prohibit a judge whom a party has moved to recuse from taking any further action in the case except in very limited circumstances, the rule also assigns responsibility for all proceedings in the case to the regional presiding judge, pending denial of the motion or assignment of a new judge to the case. The request to the regional presiding judge must be made, not just before further action by the judge who is the subject of the motion, but "[p]rior to *any* further proceedings in the case" (emphasis added)—that is, by anyone. The rule does not permit proceedings in the case to be conducted by another judge in the same county authorized by Rule 330 to sit for the judge sought to be recused. Rather, the rule gives the responsibility and duty to afford interim relief in the case to the regional presiding judge.

Judge Gonzalez has conducted proceedings in *the Recusal Cases* prior to a request by Judge Aparicio to the regional presiding judge for assignment of a judge to hear the motions for recusal in those cases. This is in direct conflict with Rule 18a(c) and with the provision in Rule 18a(d) that interim relief be determined by the regional presiding judge.

To permit a judge other than the regional presiding judge or a judge assigned by him to sit in the case, or to permit the case to be transferred to another court in order avoid the regional presiding judge's authority would be to circumvent the procedure prescribed both by section 74.059(c)(3) and by Rule 18a. The authority of judges in the same county to sit for one another and to transfer cases among their courts, now set out in Rule 330, existed for more than fifty years before section 74.059(c)(3) was enacted.[32] Yet neither the Legislature in 1977 nor this

**32.** *See* Act approved Mar. 21, 1923, 38th Leg., R.S., ch. 105, § 1, 1923 Tex. Gen. Laws 215, 218–219 (adopting art.1969a, which provided in subdivision 11 that "[t]he judges of such civil district courts may, in their discretion, exchange benches or districts from time to time, and may transfer cases and other proceedings from one court to another," and which was later recodified as Tex.Rev.Civ. Stat. art.2092 (1925)); Order of the Supreme Court of Texas Adopting Rules of Practice and Procedure Governing Civil Actions in the Various Courts of This State, 136 Tex. 442, 542 (Mar. 31, 1941) ("Where in such county there are two or more District Courts having civil jurisdiction, the judges of such Courts may, in their discretion, exchange benches or districts from time to time, and may transfer cases and other proceedings from one Court to another...."). *See also* Tex. Const. art. V, § 11 ("the District Judges may exchange districts, or hold courts for each other when they deem it expedient, and shall do so when required by law"); Tex. Gov't Code §§ 24.003, 24.303.

Court in 1980 viewed such authority as an acceptable procedure for resolving motions to recuse. The 1977 legislation also gave regional presiding judges responsibility for elections contests and suits for removal of local officials.[33] The House Judiciary Committee report explained that "it is unfair to ask a judge of a county to hear an election contest or removal case when the judge himself is a political creature, perhaps aligned with one of the factions involved. A judge should not be placed in the position or be given the opportunity to rule in such cases."[34] The report reflect the Legislature's intent to prescribe the specific procedure in situations covered by the statute.

The regional presiding judge is less likely to be conflicted by such relationships. The regional presiding judge is appointed by the Governor.[35] The local administrative district judge, on the other hand, is elected by the district judges in a county.[36] By assigning responsibility for recusal proceedings and post-recusal assignments to the regional presiding judge, the Legislature and the Rules of Civil Procedure attempt to ensure impartial consideration of the issues raised. To permit a local administrative judge to defeat a regional presiding judge's assignment by transferring a case from one court to another undermines the procedural scheme established by statute and by rule.

Rule 18a does not allow a local administrative district judge, or any other district judge in a county for that matter, to await a regional presiding judge's assignment and then transfer the case to a different judge. The effect would be no different than if the case were transferred before the hearing on the motion to recuse, which the rule expressly prohibits. Whether transfer occurred before the hearing or after the motion was granted, the regional presiding judge's authority would be circumvented.

Indeed, a regional presiding judge's assignment of a judge generally, even when recusal is not involved, should not be disregarded by another judge's transfer of the case. Suppose, for example, that a party objects to an assigned judge but has already objected to a previously assigned judge or does not make his objection timely, so that under section 74.053, the assigned judge is not subject to objection. To permit the party to move another judge in the county to transfer the case to another court and thus nullify the assignment by the regional presiding judge would thwart the assignment procedure established by chapter 74 of the Government Code.

Were it desirable to transfer a case to which a judge was assigned to another court for consolidation with other cases or other reasons of efficiency, the proper procedure would be to move the regional presiding judge to vacate the assignment. Of course, efficiency was obviously not the motivating consideration for the transfer of the cases here involved because they were all previously pending in one court, the 92nd District Court. Also, Judge Westergren could seek relief from his assignment under section 76.058, but he has not chosen to do so. In all such events, however, the authority over the assignment remains with the regional presiding judge. Judge Gonzalez was therefore not authorized to set aside the assignment of Judge Westergren to the Assigned Cases.

None of the cases cited by the real parties in interest, plaintiffs in the underlying proceedings, supports Judge Gonzalez's transfer of cases. In In re Houston Lighting & Power Co., we held that an objection to an active judge assigned to a case after another judge had voluntarily recused was mooted by the transfer of the

---

33. Act of May 30, 1977, 65th Leg., R.S., ch. 389, § 1, 1977 Tex. Gen. Laws 1060.

34. McLeod, 582 S.W.2d at 774.

35. Tex. Gov't Code § 74.005.

36. Id. § 74.091.

case to the assigned judge's court.[37] The transfer in that case did not conflict with recusal procedure or interfere with the regional presiding judge's assignment; on the contrary, the transfer facilitated the assignment. The five court of appeals' cases plaintiffs cite are also distinguishable. In one, the transfer was made with the approval of the assigning judge.[38] In another, the transfer was made by the assigned judge.[39] In a third case, the court held only that the actions taken after transfer were not void under the peculiar circumstances presented.[40] In a fourth, the case was transferred because a judge was sick, not recused.[41] And the fifth case did not involve a transfer at all, but a regional presiding judge's decision to sit himself for a judge disqualified in an election contest.[42]

It is certainly true, as the court of appeals in the present case observed, that a party has no proprietary right to have case decided by a particular judge or court.[43] But a party does have a right to the procedures prescribed by rules and statutes. Relators have been denied that right.

The local rules adopted by the district judges in Hidalgo County and approved by this Court do not authorize transfer of the cases. This Court cannot promulgate rules in contradiction of statutes except by the procedure prescribed in section 22.004 of the Government Code, which was not followed when the Hidalgo County local rules were approved. Nor can I imagine that this Court would ever authorize a local rule that conflicted with a statute. Moreover, local rules are not to be inconsistent with the Rules of Civil Procedure.[44] The Hidalgo County local rule allowing the local administrative judge to transfer cases—which other counties have also adopted—does not, on its face, conflict with either chapter 74 of the Government Code or the Rules of Civil Procedure, and it cannot be used to cause a conflict.

For these reasons, I would grant the petitions for mandamus and direct Judge Gonzalez to set aside his orders transferring the cases from the 92nd District Court.

**37.** 976 S.W.2d 671 (Tex.1998) (per curiam).

**38.** *First Heights Bank v. Gutierrez*, 852 S.W.2d 596, 619 (Tex.App.—Corpus Christi 1993, writ denied).

**39.** *European Crossroads' Shopping Center, Ltd. v. Criswell*, 910 S.W.2d 45, 52 (Tex.App.—Dallas 1995, writ denied).

**40.** *Starnes v. Holloway*, 779 S.W.2d 86, 91–92 (Tex.App.—Dallas 1989, writ denied).

**41.** *R.J. Gallagher Co. v. White*, 709 S.W.2d 379, 380–381 (Tex.App.—Houston [14th Dist.] 1986, orig. proceeding).

**42.** *Gonzalez v. Ables*, 945 S.W.2d 253, 254 (Tex.App.—San Antonio 1997, orig. proceeding).

