Original Proceeding on

Petition for Writ of Habeas Corpus



 


MEMORANDUM OPINION

 By way of direct appeal, William Jones challenged an order revoking
community supervision in which the trial court carried out its contempt order by
committing him to county jail for not making child support payments. 

 On June 26, 2003, this Court issued an order stating that decisions in contempt
proceedings are not appealable, but subject to attack only by petition for writ of
habeas corpus. We advised Jones that, unless he responded to the order with legal
authority demonstrating his right to proceed by way of direct appeal, the appeal
would be dismissed for lack of jurisdiction. Jones responded with a motion
requesting that his appeal be changed to a petition for writ of habeas corpus. That
motion is granted.

 In the petition's first ground for relief, relator asserts that the trial court's order
revoking community supervision is void because it enforces an August 3, 1990
"Order To Establish Parent-Child Relationship," which is itself void. This cause
originated as a "Title IVD" (1) case in which the Texas Attorney General sought to
establish relator as the father of minor child, P. H., in order to recover money for
public assistance that the State of Texas had paid on her behalf and to establish child
support for her in the future. The trial court, on August 7, 1989, had issued an
omnibus order appointing a master to hear all IVD cases in which a hearing was
requested. The Attorney General's action against relator was referred to the IVD
master. The master held a hearing and recommended to the trial court the adoption
of orders finding relator to be P.H.'s father, and directing him to pay $6174.00 to
reimburse the State for public assistance it had previously paid on the child's behalf,
as well as $135 per month child support for her in the future. The trial court adopted
the orders recommended by the master and issued its August 3, 1990 order.

As authority for the proposition that the 1990 order establishing parent-child
relationship is void, relator quotes from Abramson v. Abramson, 788 S.W.2d 860, 862
(Tex. App.--Houston [14th Dist.] 1990, pet denied):

 the law requires issuance of an order of referral which may
limit the power or duties of the master. [Id. § 54.006.] If
the order fails to impose limitations, then the statute itself
says what those powers shall be. It lists eleven specific
powers followed by a grant of authority to do whatever is
necessary and proper to the exercise of those powers. Id.
§ 54.007.


Relator is apparently arguing that because neither the August 7, 1989 omnibus order, 
nor section 54.007 of the Texas Government Code explicitly authorizes the master
to determine a person's paternity, the master was without authority to do what he did,
and, therefore, the 1990 order determining his paternity is void.

 We disagree. Former section 54.005(a) of the Texas Government Code, (2) in
effect at the time of the paternity hearing, provided that the judge of a court having
a master appointed could refer to the master any aspect of a civil case "involving a
matter over which the referring court has jurisdiction under Title 1, 2, or 4, Family
Code . . . ." Former § 54.005(a). In 1990, Texas Family Code Title 2, specifically,
former section 13.08, (3) gave a family district court the authority to find that an alleged
father was the father of a child. Former § 13.08. Texas Government Code, former
section 54.006(b), (4) provided that by its order of referral, the trial court could limit the
powers or duties of the master. Former § 54.006(b). 

 In this case, the August 7, 1989 omnibus order of referral contained no limiting
language. Among the powers and duties enumerated by Texas Government Code,
former section 54.007(10) (5) for a master whose order of appointment contained no
limiting language, was the power and duty to recommend the judgment to be made
in a case. Former § 54.007(10). In this case, pursuant to Texas Government Code
former section 54.005, the trial court referred an aspect of a civil case involving a
matter over which it had jurisdiction under Texas Family Code former section 13.08,
to wit, the determination of paternity. The master's action of recommending to the
trial court that it adopt its proposed orders finding relator to be P.H's father was
authorized by Texas Government Code former section 54.007(10). Thus, the 1990
order was not void.

 Relator's first ground for relief is without merit.

 In his next ground for relief, relator asserts that the trial court's August 7, 1989
order may not be taken as an order of referral. Relator relies on In Re Rio Grande
Valley Gas Co., 8 S.W.3d 303 (Tex. 1999) for this proposition, which is inapplicable
to the instant case. The citation is to a dissenting opinion, which is not valid legal
authority. Furthermore, the subject of the opinion-transfer of cases from one court to
another-is not pertinent to this case. In this case, the trial court did not transfer
relator's case to another court, but rather referred it to a master, and then adopted the
master's proposed orders as its own.

 Relator's second ground for relief is without merit.

 In his third ground for relief, relator asserts that the October 5, 1998 "Order
Enforcing Child Support Obligation" is void because the trial court's jurisdiction to
issue the order had ended three days earlier, when P.H. became age 18.

 Although the motion for enforcement on which the October 5, 1998 order is
predicated is not in the clerk's record, it was obviously filed before October 2, 1998,
when P.H. turned 18. (6)

 Texas Family Code section 157.005(a) provides:

 The court retains jurisdiction to render a contempt order for failure to
comply with the child support order if the motion for enforcement is filed
not later than the sixth month after the date:


 (1) the child becomes an adult; or 


 (2) on which the child support obligation terminates under the order or 
 by operation of law.


Tex. Fam. Code Ann. § 157.005(a) (Vernon 2002).


 Because the Attorney General filed the motion for enforcement before P.H.
turned 18, or the date on which the child support obligation terminated under the order
or by operation of law, (7) the trial court had jurisdiction to issue the October 5, 1998
order. See In Re M.E.G., 48 S.W.3d 204, 207, 210 (Tex. App.--Corpus Christi 2000,
no pet.) (Attorney General who filed motion to enforce child support order on
September 30, 1996 before the August 7, 1997 18th birthday of youngest child held
to have invoked trial court's contempt jurisdiction under § 157.005(a), even though 
trial court did not sign contempt order until March 25, 1999, after youngest child's
18th birthday). The cases on which relator relies, Red v. Red, 552 S.W.2d 90, 92 (Tex.
1997), Harkins v. State, 773 S.W.2d 401, 404 (Tex. App.--Houston [14th Dist.] 1989,
no writ), and McCullough v. McCullough, 483 S.W.2d 869, 870, 871(Tex. Civ.
App.--Waco 1972, no writ), are inapplicable to this case because these were decided
before the enactment of §157.005(a), enacted in 1995. Tex. Fam. Code Ann. §
157.005 (Vernon 2002).

 Relator's third ground for relief is without merit.

 Relator's petition for writ of habeas corpus is denied.

 

 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Alcala and Higley.



1. See 42 U.S.C.S. § 651(Lawyer's Ed. 1998).
2. Act of June 1, 1987; 70th Leg., R.S., ch. 674, § 3.02, 1987 Tex. Gen. Laws
2507, 2517-18, [hereinafter referred to as "Former § 54.005(a)"], repealed by act of
April 6, 1995, 74th Leg., R.S., ch. 20 § 2(3) 1995 Tex. Gen. Laws 113, 282.
3. Act of June 2, 1975, 64th Leg., R.S., ch. 476, § 24, 1975 Tex. Gen. Laws
1253, 1263, [hereinafter referred to as "Former § 13.08"], repealed by act of April 6,
1995, 74th Leg., R.S., ch. 20 § 2(1) 1995 Tex. Gen. Laws 113, 282.
4. Act of June 1, 1987; 70th Leg., R.S., ch. 674, § 3.02, 1987 Tex. Gen. Laws
2507, 2518; [hereinafter referred to as "Former § 54.006(b)"], repealed by act of
April 6, 1995, 74th Leg., R.S., ch. 20 § 2(3) 1995 Tex. Gen. Laws 113, 282.
5. Act of June 1, 1987; 70th Leg., R.S., ch. 674, § 3.02, 1987 Tex. Gen. Laws
2507, 2519; [hereinafter referred to as "Former § 54.007(10)"], repealed by act of
April 6, 1995, 74th Leg., R.S., ch. 20 § 2(3) 1995 Tex. Gen. Laws 113, 282.
6. Undoubtedly, it was filed before September 10, 1998, which is the date that
the order recites that the hearing on the motion occurred.
7. Under the terms of the 1990 paternity order, relator's child support obligation
terminated when P.H. became 18, "or for so long as any child is fully enrolled in an
accredited school in a program leaidng toward a high school diploma, whichever
occurs last." At the March 17, 2003 hearing on the motion to revoke relator's
community supervision, P.H's mother testified that P.H. graduated from high school
on May 28, 2000.