Petition for Writ of Mandamus Conditionally Granted and Memorandum
Opinion filed August 26, 2004









 

Petition for Writ of Mandamus Conditionally Granted
and Memorandum Opinion filed August 26, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00743-CV

____________

 

IN RE HEALTHMARK PARTNERS, L.L.C.
D/B/A GULF HEALTH CARE CENTER IN GALVESTON , Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT
OF MANDAMUS

 



 

M E M O R A N D U M   O
P I N I O N

On August 10, 2004, relator filed a petition
for writ of mandamus in this Court.  See
Tex. Gov=t. Code Ann. ' 22.221 (Vernon 2004); see also Tex. R. App. P. 52.  Relator asks this Court to issue a writ of
mandamus ordering the Honorable Susan Criss, Judge, 212th District Court of
Galveston County, to recuse herself or refer Relator=s motion to recuse to the presiding
judge of the administrative judicial district. 
See Tex. R. Civ. P.  18a.  We
originally denied relator=s petition, and it filed a motion for reconsideration.  We grant relator=s motion for reconsideration and
conditionally grant the writ of mandamus.








Trial began in this case on August 9, 2004.  The week before trial, on August 4, Judge
Criss made statements during a  hearing
that relator believes are evidence of bias. 
On Friday, August 6, relator filed a motion to recuse.  It served the motion and exhibits by fax, but
the real party in interest (Areal party@) did not receive the motion until 5:04 p.m.  Thus, the motion was deemed served the
following day.[1]  See Tex.
R. Civ. P. 21a. 

On Monday, August 9, relator presented its motion to recuse
to Judge Criss.  She refused to either
recuse or refer the motion to the presiding judge of the administrative
judicial district.  This mandamus
followed.

The standards applied in a mandamus proceeding have been
clearly set by the Texas Supreme Court in Walker v. Packer, 827 S.W.2d
833 (Tex. 1992).  Mandamus is an
extraordinary remedy.  Id. at
840.  To be entitled to the remedy of
mandamus, a relator must meet two requirements. 
First, relator must show that the trial court clearly abused its
discretion.  Id. at 839B40. 
Second, the relator must have an inadequate remedy by appeal.  Id. 
This court has no power to issue a writ of mandamus in the absence of
these conditions.  Johnson v. Fourth
Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985).  Mandamus is appropriate when the judge whom
the party seeks to recuse refuses to either recuse or refer the motion to the
administrative judge.  Winfield v.
Daggett, 846 S.W.2d 920, 922 (Tex. App.CHouston [1st Dist.] 1993, orig
proceeding);  see In re Presley,
2000 WL 688239, at * 1 (Tex. App.CDallas 2000, orig. proceeding); see
also In re Rio Grande Valley Gas Co., 8 S.W.3d 303, 306-07 (Tex. 1999)
(Hecht, J., dissenting from denial of petitions for writs of mandamus); McLeod
v. Harris, 582 S.W.2d 772, 773-75 (Tex. 1979) (orig. proceeding)
(conditionally issuing writ of mandamus because trial judge had mandatory duty
to refer motion to recuse to region=s administrative judge).








Real party argues that relator=s motion to recuse was untimely filed
because it was filed on Friday, August 6, just three days before trial
began.  Texas Rule of Civil Procedure
18a(a) requires a party to file its motion to recuse A[a]t least ten days before the date
set for trial or other hearing.@  However, A[t]his ten‑day requirement of
Rule 18a does not contemplate the situation in which a party cannot know the
basis of the recusal until after a motion for recusal is no longer timely.@ 
Keene Corp. v. Rogers, 863 S.W.2d 168, 171 (Tex. App.CTexarkana 1993, no writ); see
Hoggett v. Brown, 971 S.W.2d 472, 495 (Tex. App.CHouston [14th Dist.] 1997, pet.
denied) (post-trial motion to recuse); Kirby v. Chapman, 917 S.W.2d 902,
910 (Tex. App.CFort Worth 1996, no writ)
(post-trial).  In such instances, good
cause excuses late filing.  Relator=s motion to recuse alleges that Judge
Criss evinced bias in comments and rulings she made on August 4, within ten
days of trial.  Therefore, Judge Criss
could not refuse to act on respondent=s motion based on its untimeliness.[2]

Real party also argues relator gave less than three days= notice that it intended to present
the motion to recuse.  Rule 18a(b) states
that a party must serve a notice that movant expects the motion to be presented
to the judge three days after the filing of such motion.  We have not found any authority in which lack
of such notice alone justified inaction by the trial court.  It makes little sense to allow a trial court
to avoid a motion to recuse based solely on less than three days= notice to the opposition when after
three days, the defect is defeated. 
Additionally, relator twice offered in open court to postpone the
hearing for an additional three days.  In
these circumstances, the trial court abused its discretion in refusing to
recuse or refer the motion to the administrative judge.








Next, real party argues that relator has Aunclean hands@ and is thus precluded from receiving
mandamus relief.  AMandamus is a legal remedy, but it is
governed to some extent by equitable principles.  Nonetheless, the doctrine of unclean hands
has been used to deny issuance of the writ.@ 
Axelson, Inc. v. McIlhany, 798 S.W.2d 550, 552 n.2 (Tex. 1990,
orig. proceeding).  Real party argues
that because relator has a history of serving documents late or not at all and
because relator is simply trying to delay trial, it has unclean hands.  Relator disputes that it has engaged in gamesmanship
with its service of documents.  Given the
dispute, it is premature and inappropriate for this court to apply the unclean
hands doctrine.  See In re Simon Prop.
Group (Del.), Inc., 985 S.W.2d 212, 215 (Tex. App.CCorpus Christi 1999, orig.
proceeding).  Further, Rule 18a(h)
specifically permits sanctions if a motion to recuse is brought for delay and
without sufficient cause.  However, this
is determined by the judge who hears the motion to recuse, not this court.  We therefore decline to bar mandamus relief
in this case based on the doctrine of unclean hands.

In the circumstances of this case, Judge Criss had only two
options, recusal or referral.  Because
she took neither, we grant relator=s motion for reconsideration and
conditionally grant the petition for writ of mandamus.[3]  A writ will issue only if the judge fails to
comply with this opinion within thirty days of this date.

 

PER CURIAM

 

 

Petition
Conditionally Granted and Memorandum Opinion filed August 26, 2004.

Panel consists of
Justices Yates, Edelman, and Guzman.











[1] Some exhibits were missing in the fax, but
real party obtained a complete copy on Monday, August 9.





[2]  There
are conflicting cases whether a trial court may determine the procedural
correctness of a motion to recuse before deciding whether to recuse or
refer.  Compare, e.g., In re
Rio Grande Valley Gas Co., 987 S.W.2d 167, 178‑79 (Tex. App.CCorpus Christi 1999, orig. proceeding);
Bourgeois v. Collier, 959 S.W.2d 241, 246 (Tex. App.CDallas 1997, no pet.); Ross v. State,
947 S.W.2d 672 (Tex. App.CTexarkana
1997, no pet.);  Greenberg, Fisk &
Fielder v. Howell, 676 S.W.2d 431, 433 (Tex. App.CDallas
1984, orig. proceeding) with DeLeon v. Aguilar, 127 S.W.3d 1 (Tex. Crim. App. 2004) (orig. proceeding); Barron
v. State, 108 S.W.3d 379 (Tex. App.CTyler
2003, no pet.); Spigener v. Wallis, 80 S.W.3d 174, 181 (Tex. App.CWaco 2002, no pet.); Gill v. Tex.
Dep=t Crim.
Justice, 3 S.W.3d 576 (Tex. App.CHouston
[1st Dist.] 1999, no pet.).  This Court
has held that even if a motion to recuse is untimely, a trial judge has but two
options:  to recuse or refer the case to
the presiding judge.  Jamilah v. Bass,
862 S.W.2d 201, 203 (Tex. App.CHouston
[14th Dist.] 1993, orig. proceeding); accord Johnson v. Pumjani, 56
S.W.3d 670, 672 (Tex. App.CHouston
[14th Dist.] 2001, no pet.); but see Watkins v. Pearson, 795
S.W.2d 257 (Tex. App.CHouston
[14th Dist.] 1990, writ denied). 
Resolution of this conflict is not necessary to the disposition of this
proceeding.





[3] Real party also argues that the motion to
recuse takes Judge Criss=s
statements out of context and is substantively without merit.  However, these arguments require a
determination of the merits of the motion to recuse.  This court is not addressing the merits of
the motion.  We are concerned only with
the failure to either recuse or refer the motion to the administrative judge.