

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00061-CV

IN RE WILLIAM A. RUNNELS

Original Mandamus Proceeding

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

# M E M O R A N D U M   O P I N I O N

Relator, William A. Runnels, proceeding pro se, brings this original petition seeking mandamus relief from three orders denying his motions to recuse[1] the Honorable Alfonso F. Charles, presiding judge of the 124th Judicial District Court of Gregg County, Texas (Judge Charles).[2] Runnels asks this Court to issue an order "vacat[ing], void[ing], revers[ing] and or remanding" the three orders denying his motions and to enter an order requiring Judge Charles to recuse. For the reasons below, we deny Runnels' request for mandamus relief.

Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion, or in the absence of another statutory remedy, when the trial court "fails to observe a mandatory statutory provision conferring a right or forbidding a particular action." *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 834 (Tex. 1980) (orig. proceeding).

A trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839 (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding)). As for resolving factual issues or matters committed to the trial court's discretion, the reviewing court may not

---

[1]Runnels entitled some of his motions as "Motion[s] to Disqualify/Recuse." In his petition, however, Runnels refers to Judge Charles' failure to recuse, rather than the potential for his judicial disqualification.

[2]According to Runnels, the matter here involves a suit to modify the parent-child relationship filed under trial court cause number 2007-2400-B.

substitute its judgment for the trial court. *See Brady v. Fourteenth Court of Appeals*, 795 S.W.2d 712, 714 (Tex. 1990) (orig. proceeding). That said, "[a] trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Huie v. DeShazo*, 922 S.W.2d 920, 927 (Tex. 1996) (orig. proceeding) (quoting *Walker*, 827 S.W.2d at 840); *see In re Jorden*, 249 S.W.3d 416, 424 (Tex. 2008) (orig. proceeding). For that reason, an erroneous legal conclusion by the trial court constitutes an abuse of discretion. *Huie*, 922 S.W.2d at 927–28. A clear failure by the trial court to apply the law correctly is an abuse of discretion. *Walker*, 827 S.W.2d at 840.

The denial of a motion to recuse is appealable upon the entry of a final judgment. TEX. R. CIV. P 18a(j).[3] As a result, a relator who challenges the denial of a motion to recuse ordinarily has an adequate remedy through direct appeal. *In re Norman*, 191 S.W.3d 858, 860 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding). Even so, mandamus relief is available when a judge whom the party seeks to recuse refuses either to recuse or to refer the motion to the administrative judge. *Id*. (Rule 18a states that judge has "mandatory duty either to recuse himself or to refer the recusal motion to the presiding judge"); *see Rio Grande Valley Gas Co.*, 8 S.W.3d 303, 306–07 (Tex. 1999) (orig. proceeding); *McLeod v. Harris*, 582 S.W.2d 772, 775 (Tex. 1979) (orig.

---

[3]Rule 18a(j) of the Texas Rules of Civil Procedure states,

    (1)     Order on Motion to Recuse.

        (A)    Denying Motion. An order denying a motion to recuse may be reviewed only for an abuse of discretion on appeal from the final judgment.

        (B)    Granting Motion. An order granting a motion to recuse is final and cannot be reviewed by appeal, mandamus, or otherwise.

TEX. R. CIV. P. 18a(j).

proceeding) (conditionally issuing writ of mandamus because the trial judge had a mandatory duty to refer motion to recuse to region's administrative judge).

Runnels complains of the orders denying his November 7, 2018, March 21, 2019, and April 5, 2019, motions to recuse. Yet, Runnels has provided this Court with only the April 5, 2019, order, signed and entered by the Honorable Jack Skeen, Jr., presiding judge of the 241st Judicial District Court of Smith County, Texas. That order explains, "The allegations made by [Runnels] all complain about what he alleges are Judge Charles's rulings in the case, and therefore do not meet the requirements of TRCP 18(a) that a Motion to Recuse or Disqualify a Judge MUST NOT BE BASED SOLELY on the Judge's Rulings in the case." Runnels also failed to provide the three motions on which the complained-of orders were based.

In any event, Runnels has not shown that he lacked an adequate remedy at law, through the direct appeal process, to complain about the denial of his three motions to recuse. Nor has he shown that the trial court violated a mandatory statutory duty either to recuse, or to refer his motions to recuse, to the appropriate administrative judge. To the contrary, from the limited record Runnels has provided, his motions were reviewed in the appropriate manner.[4]

---

[4]The April 5, 2019, order denying Runnels' "Motion to Recuse or Disqualify" states,

> The Court takes Judicial Notice of the March 29, 2019[,] Order from the Honorable Nathan L. Hecht, Chief Justice, Supreme Court of Texas, assigning this Court to hear the Motion to Disqualify or Recuse and Request to be Heard filed March 21, 2019, by Pro Se Litigant William Runnels, against the Honorable Alfonso Charles, Judge of the 124th Judicial District Court and Presiding Judge of the Tenth Administrative Judicial Region.

> The Court takes Judicial Notice of the Order of Referral on Tertiary Motion to Recuse filed by Judge Charles on the 21st day of March, 2019, setting out four (4) prior Motions to Recuse Presiding Judge by Pro Se Litigant, including two (2) prior Motions to Recuse against Presiding Judge Alfonso Charles. Both prior Motions to Recuse against Judge Charles were Denied.

We therefore deny Runnels' petition for writ of mandamus.


Scott E. Stevens
Justice

Date Submitted:     July 25, 2019
Date Decided:       July 26, 2019

---

The March 21, 2019[,] Motion to Recuse Judge Charles is the Fifth Motion to Recuse filed by [P]ro Se Litigant and it is the pending Motion to Recuse assigned to this Court by Honorable Nathan L. Hecht by Order dated March 29, 2019, Chief Justice of the Supreme Court of Texas.